## Commonwealth *v.* Warfield.

Argued March 16, 1965. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Edwin J. Martin,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellant.

*Robert N. Peirce, Jr.,* with him *Harry Savage,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 30, 1965:

Barbara Warfield (defendant) was indicted in Allegheny County for murder and voluntary manslaughter. Her counsel filed a pretrial motion to suppress a written statement she gave to the police following her arrest, wherein she admitted killing and robbing the victim. After hearing, the motion was denied.

Subsequently, the defendant was arraigned, plead "not guilty", and was placed on trial. A different judge from the one who had denied the motion to suppress presided.

After the jury was selected and sworn, counsel for the defendant immediately notified the trial judge that they intended to press their objection to the admission of the written statement at trial. The jury was excused, and a hearing held concerning the circumstances under which the statement had been obtained. No objection to this procedure was voiced by either side. Following the hearing, the court found that the written

statement and oral statements made by the defendant to the police were secured in violation of her constitutional rights, and entered an order that this evidence would "not be admitted in evidence in this case."

Following this ruling, the trial began and counsel for the Commonwealth opened to the jury. In the course of these remarks, he stated that the defendant had given and signed a written statement admitting the crime charged.[1] Defendant moved for a mistrial which the court granted. Subsequently, the Commonwealth appealed from the court's trial order refusing to admit the evidence involved. The order is not appealable. The appeal will be quashed.

The Commonwealth admits that the order involved is interlocutory, but maintains that an appeal lies under *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963). The case is inapposite.

In *Bosurgi*, we ruled that the Commonwealth may appeal from an order granting a pretrial motion to suppress evidence under certain specific circumstances, and where the element of finality is inherent in the order. We did not say therein, or mean to indicate, that an appeal would lie under the circumstances herein present.

The ruling now questioned, holding the written statement and incriminating statements constitutionally inadmissible, is akin to any ruling made during a trial rejecting proffered evidence. Certainly, no one could reasonably assert that after an adverse ruling (even if the Commonwealth is the affected party), that a mistrial could be deliberately caused, and an appeal properly filed from the order holding the evidence inadmissible.[2] Moreover, the issue raised is moot. The

---

[1] It is undisputed that this action was deliberate.

[2] As to when the Commonwealth may appeal, see, *Commonwealth v. Melton*, 402 Pa. 628, 168 A. 2d 328 (1961).

decision to withdraw a juror and declare a mistrial was a matter within the sound discretion of the court: *Frontage, Inc. v. Allegheny County,* 413 Pa. 31, 195 A. 2d 515 (1963), and *Commonwealth v. Westwood,* 324 Pa. 289, 188 A. 304 (1936). The record manifests no abuse thereof. Also, the ruling excluding the evidence during the trial involved is not conclusive in a subsequent trial.

The Commonwealth's counsel earnestly urges that it was improper for the trial judge, in the absence of compelling reasons, to reverse the previous pretrial order of another judge refusing suppression. We need not reach this question on the present posture of the case, but we note this position was sustained in *United States v. Wheeler,* 256 F. 2d 745 (3d Cir. 1958). Also, the situation complained of need never arise again in light of the provisions of our new rule, No. 324 (Pa. R. Crim. P.), fashioned to prevent the occurrence of such a problem.

Appeal quashed.