Commonwealth, Appellant, *v.* Fisher.

Argued April 20, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*W. Richard Eshelman,* District Attorney, for Commonwealth.

*Peter F. Cianci,* with him *Jane Ludwig Worley,* for defendant.

OPINION BY MR. JUSTICE EAGEN, June 24, 1966:

Larry Martin Fisher was arrested in Berks County on the charge of murdering his grandmother. Upon his request and averment of indigency, counsel was appointed by the court to represent him. An action in habeas corpus was instituted which the lower court dismissed. On appeal, we affirmed: 418 Pa. 356, 211 A. 2d 457 (1965).

After his indictment for the crime of murder, counsel, on Fisher's behalf, filed pretrial motions in the court below to suppress evidence of certain incriminating statements Fisher had made to the police. From the testimony submitted on these motions, it developed that during the preliminary stages of the then unsolved crime, Fisher orally stated to an investigating police officer, "I killed my grandmother." As a result, he was interrogated on two subsequent occasions by the police during which he gave and signed two typed recorded statements admitting having beaten and strangled his grandmother and causing her untimely death.

The lower court ordered the evidence of the two written statements suppressed, but denied the motion to suppress the evidence of the oral admission given, as before related, during the early stages of the investigation. From the court's order, both Fisher and the Commonwealth appealed.

136

Fisher's appeal was subsequently quashed by this Court. The defendant in a criminal case may not appeal from a pretrial order denying his motion for the suppression of evidence: *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963).

A motion to quash the Commonwealth's appeal has also been filed. It will be denied. The Commonwealth has the right to appeal from a pretrial order suppressing evidence where it appears that it will be substantially handicapped in the prosecution of the case, because it cannot present all of its available evidence: *Commonwealth v. Bosurgi*, supra. See also, *Commonwealth v. Warfield*, 418 Pa. 301, 211 A. 2d 452 (1965). However, the order of suppression will be affirmed.

At the time the written statements involved were obtained, Fisher was in the custody of the police and, admittedly, was then the suspected killer. It is also admitted that he was without counsel and not advised at any time of his constitutional right to remain silent, or to have the assistance of counsel during the questioning. Further, there is nothing in the record to warrant the conclusion that he knowingly, intelligently and understandingly waived these rights. Statements of the accused, secured under these circumstances, may not be used as evidence at trial. This is so even though Fisher did not request the assistance of counsel at the time. See, *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965), and *Miranda v. Arizona*, 384 U.S. 436, 34 L.W. 4521 (1966).

Order affirmed.