Commonwealth *v.* Washington, Appellant.

Argued November 29, 1967. Before BELL, C. J., MUSMANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William G. Klenk, II,* with him *Paul M. Chalfin,* for appellant.

*Alan J. Davis,* Assistant District Attorney, with him *Joel S. Moldovsky,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 3, 1968:

This case presents to our Court a matter which is one of first impression—a defendant's right to appeal from denial of his motion filed pursuant to Rule 324 of Criminal Procedure[1] to suppress a statement allegedly obtained in violation of *Miranda v. Arizona,* 384

---

[1] The Commonwealth insists that appellant moved to suppress his statements under Rule 323 as well as Rule 324 and that, therefore, this appeal must be quashed. We find it unnecessary to resolve the question of whether appellant did proceed under 323 *and* 324 in view of our belief that an appeal by a defendant from a denial of a motion to suppress under either rule should be quashed.

U.S. 436, 86 S. Ct. 1602 (1966). We hold that the decision below refusing to suppress appellant's statement is not at this juncture appealable and therefore this appeal must be quashed.

Appellant relies primarily upon subsection (e) of Rule 324,[2] and insists that he may appeal because the determination made at the suppression hearing is "final". He distinguishes both *Commonwealth ex rel. Fisher v. Stitzel*, 418 Pa. 356, 211 A. 2d 457 (1965)[3] and *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304, cert. denied, 375 U.S. 910, 84 S. Ct. 204 (1963) on the dual grounds that these two decisions concerned motions to suppress made prior to the effective date of Rule 324 and were premised in great measure upon the fact that attacks against an allegedly involuntary

---

[2] Subsection (e) provides: "A determination by a judge of the court that the defendant was not denied his right to the assistance of counsel at the time the confession was made *shall be final* and the defendant may not again raise this issue except upon a showing of evidence which was not available at the hearing." (Emphasis supplied.) We impliedly held in *Commonwealth v. Warfield*, 418 Pa. 301, 211 A. 2d 452 (1965) that the trial judge cannot reverse on the same record at trial the decision made after the pretrial suppression hearing that defendant's statement need not be suppressed. Of course, upon direct appeal from his conviction, the finality provision of Rule 324(e) would not preclude a defendant from litigating the correctness of the refusal to suppress his statements.

[3] This decision, although concerned with a suppression motion made prior to the effective dates of Rules 323 and 324, cited both rules as supportive of the quashing of defendant's appeal. It was thus unclear whether the suppression motion was concerned with the voluntariness of defendant's statement, now covered by Rule 323, or with a claimed deprivation of the right to counsel at the time the statement was obtained, now covered by Rule 324. The sequel to this litigation, *Commonwealth v. Fisher*, 422 Pa. 134, 221 A. 2d 115 (1966), by its citation of *Miranda* would indicate that a Rule 324 type claim was involved. It could therefore be argued that we have in fact faced the question presented by appellant and have already decided it adversely to him.

statement[4] or against the admission of allegedly illegally seized evidence[5] can be reasserted at trial. Albeit dictum, *Bosurgi* contains perhaps the best statement governing a defendant's right to appeal a pretrial refusal to suppress evidence (411 Pa. at 64, 190 A. 2d at 308-09) : "The right of appeal by a defendant stands upon an entirely different footing. The denial of a defendant's motion for the suppression of evidence does not deprive a defendant of an appellate review of the validity of that order. At trial, the defendant still has full opportunity to object to the introduction into evidence of the allegedly improper evidence and, in the event of his conviction, he will then have an opportunity to secure an appellate evaluation of the propriety and admissibility of such evidence. Therefore, unlike the Commonwealth, an adverse pretrial disposition of a motion to suppress evidence does not deprive the defendant of his only opportunity for appellate review. Under such circumstances, the element of finality, which is the basis of appealability, is lacking in an order denying suppression and the defendant should have no right of appeal from such order."

Although the above quotation does stress the defendant's ability to relitigate the admissibility of the challenged evidence, a relitigation not permitted under orders entered pursuant to a Rule 324 hearing, it is obvious that the core difference between the Commonwealth's and the defendant's right to appeal pretrial suppression orders is to be found in the fact that the Commonwealth cannot appeal from an acquittal. Thus, if the Commonwealth is deprived of the use of significant evidence by an erroneous pretrial suppression decision, unless an appeal from that order is permitted

---

[4] See *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774 (1964) ; Pa. R. Crim. P. 323'(e).

[5] See Pa. R. Crim. P. 2001(g).

this pretrial error could not be corrected. The defendant, however, may challenge the decision not to suppress in an appeal from his conviction. Since appellant can thus obtain relief from an erroneous pretrial decision, his present appeal will not be entertained.

To demonstrate that the pretrial decision in this case *alone* operates with sufficient finality to allow an appeal at this time, appellant seems to insist that, at least in a capital case (as is this one), an appeal is necessary to preserve appellant's state constitutional rights. Article I, §14 of our state constitution provides that "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or presumption great, . . ."[6] Contending that his statement is the only evidence the Commonwealth possesses sufficient to meet this constitutional standard, appellant insists that unless he can now attack the suppression hearing his right to bail will be lost. The fallacy in this argument is appellant's assumption that access to the appellate process is a necessary predicate to preservation of his rights. Not only is the right of appeal a matter which is peculiarly within the province of the state courts, see *Commonwealth v. Bosurgi*, supra at 61, 190 A. 2d at 307,[7] but a state could abolish all appellate courts without impinging upon constitutional rights. See *Mooneyham v. Kansas*, 339 F. 2d 209 (10th Cir. 1964) ; *Horton v. Bomar*, 335 F. 2d 583 (6th Cir. 1964) (dictum). To the extent that due process requires a pretrial judicial resolution of the constitutional admissibility of appellant's statements, that

[6] See also *Commonwealth ex rel. Alberti v. Boyle*, 412 Pa. 398, 195 A. 2d 97 (1963).

[7] We here assume that a state court has not restricted its appellate jurisdiction in a manner creating a discrimination against rights arising under federal law. Cf. *McKnett v. St. Louis & S.F. Ry.*, 292 U.S. 230, 233-34, 54 S. Ct. 690, 691-92 (1934) ; *Mondou v. New York, N.H. & H. R.R.*, 223 U.S. 1, 56-57, 32 S. Ct. 169 (1912).

requirement was satisfied by the suppression hearing below; and appellate judicial resolution is neither constitutionally nor statutorily mandated.

In the alternative, appellant contends that the prohibition contained in Rule 324 against relitigating at trial the admissibility of his statement is an unconstitutional restriction of his right to have a jury determine his guilt under all the evidence. If appellant is correct, then his argument that the "final" decision below is now appealable loses all force for he would be able to relitigate the admissibility of his statements. However, since we have determined to quash this appeal and since this argument may be presented to the trial court, we express no view as to the merits of appellant's contention.

Onto the general rule that orders entered in a criminal case prior to final judgment are not appealable by the defendant, this Court has engrafted an exception for cases presenting exceptional circumstances. The exceptional circumstances doctrine had its genesis in two cases where appeal was taken from orders entered after trial but prior to sentencing; in both cases the action of the court below was of such finality that immediate resolution of the controversy was necessary if defendant was to be afforded effective appellate redress. See *Commonwealth v. Ragone,* 317 Pa. 113, 176 Atl. 454 (1935); *Commonwealth v. Trunk,* 311 Pa. 555, 167 Atl. 333 (1933). *Ragone* permitted an appeal after verdict but prior to sentence where it was clear that at the time of trial defendant was of unsound mind; *Trunk* allowed an appeal from indictments on which sentence was suspended where the offenses charged in these indictments were inextricably interwoven with those charged in indictments upon which sentence was passed.[8]

---

[8] See also *Commonwealth v. Elias,* 394 Pa. 639, 149 A. 2d 53 (1959) (defendant may appeal from order suspending sentence and placing him on probation).

However, *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A. 2d 780 (1954) did allow an appeal from a pretrial decision under the rubric of exceptional circumstances and would thus appear to be an enlargement of the scope of this doctrine. Kilgallen, then President of Pittsburgh City Council, was indicted for bribery and several misdemeanors committed while in office. He first refused to testify before a special investigatory grand jury, but later did so at the direction of the trial court. Kilgallen then moved to have the indictments returned by the grand jury quashed contending that they were procured in violation of his privilege against self-incrimination. An appeal was allowed from the order refusing his motion to quash the indictments. *Kilgallen,* as interpreted by *Commonwealth v. Byrd,* 421 Pa. 513, 219 A. 2d 293, cert. denied, 385 U.S. 886, 87 S. Ct. 181 (1966), stands for the proposition that exceptional circumstances exist where the interlocutory order involves basic human rights and touches a matter of great public interest and importance. However, granting that appellant's right not to be convicted on the basis of a constitutionally tainted statement is as basic as Kilgallen's privilege against self-incrimination, nevertheless appellant's claim is not of a public interest equal to that generated by indictments returned against a major public official charging malfeasance in office.

Rather, we believe that the order from which appellant appeals is more akin to other pretrial interlocutory orders in criminal cases where we have quashed the appeal. Thus, appeals by a defendant have not been allowed from an order refusing a change of venue, *Commonwealth v. Sacarakis,* 425 Pa. 439, 229 A. 2d 743 (1967); from a refusal to quash an indictment on grounds of double jeopardy, *Commonwealth v. Warfield,* 424 Pa. 555, 227 A. 2d 177 (1967); from an order appointing a sanity commission, *Commonwealth v. Bruno,* 424 Pa. 96, 225 A. 2d 241 (1967); from the

grant of the Commonwealth's request to subject defendant to a psychiatric examination, *Commonwealth v. Byrd,* supra; or from denial of a motion by defendant for appointment of a sanity commission, *Commonwealth v. Novak,* 384 Pa. 237, 120 A. 2d 543, cert. denied, 352 U.S. 825, 77 S. Ct. 35 (1956).[9] Since we hold that the order refusing to suppress defendant's statements lacks the requisite finality and does not present circumstances falling within the exceptional circumstances doctrine, this appeal is quashed.

Appeal quashed.

Mr. Justice JONES took no part in the consideration or decision of this case.

---

[9] Appeals from orders entered well after the pretrial stage have also been quashed as not presenting exceptional circumstances. See *Commonwealth v. Pollick,* 420 Pa. 61, 215 A. 2d 904 (1966) (order denying defendant's motion for discharge after failure of jury to reach verdict) ; *Commonwealth v. Wright,* 383 Pa. 532, 119 A. 2d 492 (1956) (defendant, who was granted a new trial, cannot appeal from refusal to direct acquittal notwithstanding the verdict).