390 A.2d 758

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James C. GRIFFIN.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Raymond HAMM.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James W. HAMM, Jr.**

Superior Court of Pennsylvania.

Argued April 13, 1977.

Decided July 12, 1978.

---

154

Fred J. Sentner, Assistant District Attorney, Canonsburg, with him Jess D. Costa, District Attorney, Bentleyville, for Commonwealth, appellant.

George B. Stegenga, Washington, for appellees at Nos. 1000 and 1002.

Roger J. Ecker, Washington, for appellee at No. 1001.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

PRICE, Judge:

This appeal by the Commonwealth is from the lower court's order dismissing charges against three defendants because of the prosecution's failure to comply with Pa.R. Crim.P. 1100. Because we find that trial did not commence within the rule's mandatory time period, we affirm.

On November 21, 1974, appellees were arrested and criminal complaints charging them with burglary[1] were lodged against them. Appellees filed timely motions for suppression and applications to quash the indictments. On March 17, 1975, President Judge Charles G. Sweet ordered that a hearing on these matters be scheduled "for when same is called for trial." Then, on March 20, 1975, Judge Sweet set the hearing date for March 25. The hearing, continued on March 26, was abruptly terminated when Judge Sweet left the bench during cross-examination of the Commonwealth's first witness. Apparently displeased with defense counsel's persistent and sometimes irrelevant questions, Judge Sweet declared, "Put your pen down Sharon, I'm going to discontinue these proceedings." Nothing further transpired until

1.  18 Pa.C.S. § 3502.

April 17, 1975, when the cases were transferred to Judge Hanna. On May 22, 1975, appellees filed applications to dismiss all charges for the Commonwealth's failure to comply with Pa.R.Crim.P. 1100(a)(2).[2] On May 27, 1975, Judge Hanna called the cases for trial.

The Commonwealth answered appellees' motions to dismiss by admitting that the 180 day period elapsed on May 20, 1975. The prosecution asserted, however, that the delay was attributable to the court, that the Commonwealth was at all times since March 25, 1975, prepared to proceed to trial, and that appellees' motions should be denied. The court denied appellees' motions and certified that there was involved a controlling question of law appealable to this court,[3] namely whether judicial delay would excuse the failure to comply with Rule 1100.[4] We quashed the appeal and remanded the case for trial. *Commonwealth v. Griffin*, 240 Pa.Super. 545, 367 A.2d 1102 (1976). Appellees subsequently filed with the lower court a petition for an eviden-

**2.** Pa.R.Crim.P. 1100(a)(2) mandates that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

**3.** This court may permit the appeal of an interlocutory order if it is satisfied with the lower court's certification that there is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter . .." Act of July 31, 1970, P.L. 673, No. 223, art. V, § 501(b) [17 P.S. § 211.501(b)].

**4.** The supreme court decided in *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), that judicial delay can justify the granting of an application for an extension of time under Pa.R.Crim.P. 1100(c), so long as the application is timely filed and due diligence is demonstrated. The Commonwealth does not now specifically raise judicial delay as an explanation for its failure to comply with the 180 day period. In its answer to appellees' motions to dismiss, which the Commonwealth filed on May 27, 1975, it averred judicial delay and its own readiness for trial and requested that the motions be denied. As alternative relief, the prosecution requested an extension of time. Without considering the form of the Commonwealth's request, we note that it was not filed until seven days after the mandatory period had expired and was thus untimely.

tiary hearing pursuant to Rule 1100 which was conducted on June 8, 1976. Finally, on July 16, 1976, Judge Gladden, finding that trial did not commence until May 27, 1975, after the expiration of the allowable 180 days, entered the order herein appealed, dismissing all charges.

In addition to addressing the merits of the Rule 1100 issue in its brief, the Commonwealth asserts that the order herein appealed is a nullity. This contention is premised on the argument that a judge has no authority to vacate an interlocutory order issued by another judge of the same court. In *United States v. Wheeler*, 256 F.2d 745 (3d Cir. 1958), approved of in *Commonwealth v. Warfield*, 418 Pa. 301, 211 A.2d 452 (1965), a suppression motion was denied. Later, a second judge took new testimony on the suppression issue, which the *Wheeler* court determined to be a proper exercise of discretion. However, the court ruled that where the evidence was substantially the same as that originally ruled upon, the second judge was in effect reviewing the original order when he issued a subsequent one. That, the court held, was an abuse of discretion. Similarly, in *Commonwealth v. Washington*, 428 Pa. 131, 236 A.2d 772 (1968), the court noted, "We impliedly held in *Commonwealth v. Warfield*, 418 Pa. 301, 211 A.2d 452 (1965)[,] that the trial judge cannot reverse on the same record at trial the decision made after the pretrial suppression hearing . .." 428 Pa. at 133, n. 2, 236 A.2d at 773, n. 2. The underlying basis of the rule is no less applicable in the instant situation, wherein the interlocutory order concerns Rule 1100 rather than suppression. Absent some new evidence, it is improper for a trial judge to overrule an interlocutory order by another judge of the same court in the same case. There must be some degree of finality to determinations of all pre-trial applications so that judicial economy and efficiency can be maintained. We therefore find that it was inappropriate for Judge Gladden to issue a subsequent ruling on the motions to dismiss. Having so held, we feel that in the

158

instant case the interests of judicial economy require that we decide the Rule 1100 issue. While we emphasize our disapproval of the procedure herein employed, we are not prepared to adopt the Commonwealth's position that the order of July 16, 1976, is a nullity. In this area some discretionary freedom must be allowed to the judge of the court below. Where, as in the instant case, we are convinced that the record is sufficient to enable us to reach the merits and that reversing the lower court's order and permitting the case to go to trial, especially when appellees are clearly entitled to discharge, would only serve to postpone unjustifiably this ultimate result, we do not find an abuse of that discretion.

The issue addressed by Judge Gladden and the focus of our inquiry is whether, for purposes of Rule 1100, "trial" in the instant case commenced with the suppression hearing on March 25, 1975, or with Judge Hanna's calling the case to trial on May 27, 1975. On May 20, 1975, 180 days had passed since the filing of the complaints against appellees. Because the Commonwealth did not seek an extension of time and it does not assert that any time is excludable under Rule 1100(d), only if we determine that trial commenced with the suppression hearing is the Commonwealth entitled to prevail.

Rule 1100(b) provides: "For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial." This provision is further elucidated in the Comment definition of "trial commencement," which we adopted in *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977). The Comment states: "A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony or to some other such first step in

the trial." In *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), Chief Justice Eagen said in his concurring opinion, "[T]he beginning of any stage which leads directly into the guilt-determining process is a 'first step in the trial' for purposes of Rule 1100." *Id.*, 473 Pa. at 260, 373 A.2d at 1361. Where actual trial promptly follows a suppression hearing reserved for the time of trial, "trial" is deemed to commence for purposes of Rule 1100 with the date of the suppression hearing. *Commonwealth v. Wharton*, 250 Pa. Super. 25, 378 A.2d 434 (1977); *Commonwealth v. Byrd, supra.* However, when the suppression hearing does not trigger a substantial commitment of the court's time and resources to a determination of the defendant's guilt, "trial" is not deemed to commence with the suppression hearing. *Commonwealth v. Deborah Ann Taylor*, 254 Pa.Super. 211, 385 A.2d 984 (1978); *Commonwealth v. Williams*, 250 Pa.Super. 221, 378 A.2d 906 (1977).

We find this case to be controlled by our holdings in *Taylor, supra* and *Williams, supra.* We would be greatly distorting the purpose of Rule 1100 if we ruled that trial commenced with the prematurely terminated suppression hearing in this case. The judge left the proceedings without explanation and the suppression issue was never fully presented to the court or ruled upon. Other than an order that the case be transferred to a different judge, there was no activity in the matter between March 26 and May 27, a period of 62 days. The original hearing did not "lead directly into the guilt-determining process" and was not a "first step in the trial" for purposes of Rule 1100. Because trial did not commence prior to May 20, 1975, the 180th day, we are compelled to discharge appellees.

The order of the lower court is affirmed.

WATKINS, former President Judge and VAN der VOORT, J., did not participate in the consideration or decision of this case.