402 A.2d 1007

**COMMONWEALTH of Pennsylvania**

**v.**

**Herbert BROWN, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 17, 1979.

Decided July 5, 1979.

Robert G. Schwartz, Philadelphia, for petitioner.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Harry Tischler, Philadelphia, for respondent.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal involves a sole question of law: Does a judge in the criminal division of the court of common pleas have the authority to review a decision of a family division judge certifying that appellant, Herbert Brown, be tried as an adult?

In late 1977 and early 1978, appellant, then sixteen years old, was charged in two separate juvenile petitions, one charging aggravated assault and the other charging robbery, aggravated assault and various weapons offenses. Following notification by the Commonwealth that it intended to try appellant as an adult, a certification hearing was held in family division of the court of common pleas pursuant to § 28 of the Juvenile Act.[1] Following the hearing, the court certified that appellant be tried as an adult.

Appellant then filed an application to quash the transfer in the criminal division of the court of common pleas, but the application was denied. Subsequently appellant filed a

1. Act of December 6, 1972, P.L. 1464, No. 333, § 1, et seq.; 11 P.S. § 50–101, et seq. (Supp.1978–79).

motion to reconsider the application to quash. The court failed to reach the merits of appellant's claim, holding that it had no authority to review a decision of a judge from another division of the same court of common pleas. Believing the case involved a controlling question of law, the court certified the case for interlocutory appeal. While the Superior Court denied permission to appeal, this court, on November 28, 1978, granted permission to appeal and retained jurisdiction of the case.

In *Commonwealth v. Griffin,* 257 Pa.Super. 153, 157, 390 A.2d 758, 760 (1978), the court stated:

"In *United States v. Wheeler,* 256 F.2d 745 (3d Cir. 1958), approved of in *Commonwealth v. Warfield,* 418 Pa. 301, 211 A.2d 452 (1965), a suppression motion was denied. Later, a second judge took new testimony on the suppression issue, which the *Wheeler* court determined to be a proper exercise of discretion. However, the court ruled that where the evidence was substantially the same as that originally ruled upon, the second judge was in effect reviewing the original order when he issued a subsequent one. That, the court held, was an abuse of discretion. Similarly, in *Commonwealth v. Washington,* 428 Pa. 131, 236 A.2d 772 (1968), the court noted, 'We impliedly held in *Commonwealth v. Warfield,* 418 Pa. 301, 211 A.2d 452 (1965)[,] that the trial judge cannot reverse on the same record at trial the decision made after the pretrial suppression hearing . . . .' 428 Pa. at 133, n. 2, 236 A.2d at 773, n. 2. The underlying basis of the rule is no less applicable in the instant situation, wherein the interlocutory order concerns Rule 1100 rather than suppression. Absent some new evidence, it is improper for a trial judge to overrule an interlocutory order by another judge of the same court in the same case. There must be some degree of finality to determinations of all pre-trial applications so that judicial economy and efficiency can be maintained."

In the instant case, appellant, in his motion to quash the transfer, alleged that the certifying court had exercised a gross abuse of discretion, had misapplied the law and had

shown a bias against appellant. None of these issues, however, can be classified as new evidence which would allow a judge to overrule an interlocutory order [2] by another judge of the same court of common pleas. As appellant has never sought to introduce new evidence, the order denying the motion to quash the transfer must be affirmed.

Order affirmed.

ROBERTS, J., concurs in the result.

**2.** Section 28 of the Juvenile Act explicitly states that the transfer decision is interlocutory. 11 P.S. § 50–325 (Supp.1978–79).