416 A.2d 520

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James W. ECK.**

Superior Court of Pennsylvania.

Argued June 7, 1979.

Filed Dec. 7, 1979.

Robert F. Banks, First Assistant District Attorney, Williamsport, for Commonwealth, appellant.

John P. Campana, Williamsport, for appellee.

Before PRICE, GATES and DOWLING, JJ.

PRICE, Judge:

The Commonwealth appeals from the order of the Court of Common Pleas of Lycoming County per Judge Carson V. Brown granting appellee's motion to dismiss filed pursuant to Pa.R.Crim.P. 1100(f). Because we find that Judge Brown's order, which in effect overruled a previous order of a judge of equal and concurrent jurisdiction, was an inappropriate exercise of authority, we reverse the order. Additionally, we remand the case to the court of common pleas for a full and complete hearing on the Commonwealth's petition for extension.

The pertinent facts are as follows. Appellee was arrested on December 4, 1977, and charged with the crime of driving under the influence.[1] When the arresting officer did not appear at a preliminary hearing on December 15, 1977, the complaint was dismissed for lack of prosecution. A second complaint charging appellee with the same crime based on the same facts as were alleged in the first was filed on May 30, 1978.

Under the precept of Rule 1100,[2] trial had to commence by November 26, 1978, barring any exclusions of time under section (d)[3] of the Rule or any extensions of the run date granted under section (c) of the Rule. Appellee filed a petition to dismiss on August 14, 1978, alleging that 180 days

---

1. The Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81 § 1, 75 Pa.C.S. § 3731.

2. Pa.R.Crim.P. 1100(a)(2) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

3. Section (d) of Rule 1100 provides that:
   "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
   (1) the unavailability of the defendant or his attorney;
   (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded[.]"

had expired from the date of the *first* complaint and that as a result, he should be discharged. At the October 24 hearing on this motion, the Commonwealth was directed to file a brief by November 6, and appellee was given seven days thereafter in which to reply to the Commonwealth's brief. On November 6, the Commonwealth filed a petition to extend alleging, in effect, that despite its due diligence, the time consumed in disposing of appellee's motion to dismiss would prevent trial from commencing within the November trial term and within the Rule 1100 run date. A hearing was held on the Commonwealth's petition, although no transcript of the proceedings was made, and by order dated November 27, 1978, the Court of Common Pleas of Lycoming County, per Judge C. F. Greevy, granted the petition and extended the run time to the next trial term (December). On December 1, appellee filed another petition to dismiss alleging, *inter alia*, the impropriety of Judge Greevy's order granting the Commonwealth's petition to extend. A hearing on this December 1 petition was held before President Judge Brown, and he issued an order on December 14, 1978, granting appellee's petition to dismiss and, in effect, setting aside Judge Greevy's November 27 order. It is from this order that the Commonwealth appeals and alleges that Judge Brown erred in concluding that judicial delay was an insufficient basis upon which to grant an extension and in overruling Judge Greevy's previous order.

It is well established that absent some new evidence, it is improper for a trial judge to overrule an interlocutory order by another judge of the same court in the same case. *Commonwealth v. Washington*, 428 Pa. 131, 236 A.2d 772 (1968); *Commonwealth v. Warfield*, 418 Pa. 301, 211 A.2d 452 (1965) (by implication); *Commonwealth v. Griffin*, 257 Pa.Super. 153, 390 A.2d 758 (1978). "There must be some degree of finality to determinations of all pre-trial applications so that judicial economy and efficiency can be maintained." *Commonwealth v. Griffin, supra*, 257 Pa.Super. at 157, 390 A.2d at 760. The effect of Judge Brown's December 14 order was to overrule Judge Greevy's previous

order of November 27 which granted the Commonwealth's petition to extend. Under these circumstances, we find that the order granting appellee's petition to dismiss was an inappropriate exercise of appellate power. As such, we reverse that order.

In the interests of judicial economy, we will address the merits of the Rule 1100 issue. Section (c) of Rule 1100 provides that:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

The thrust of the Commonwealth's petition to extend was that as a result of the time consumed disposing of appellee's initial motion to dismiss and of the inability of the court to schedule trial before the run date, the Commonwealth, despite its due diligence, would be unable to bring appellee to trial within the time period mandated by Rule 1100. Judicial delay, of course, may provide the basis for the granting of a petition to extend,[4] see *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), but the burden is upon the Commonwealth to make a record showing of due diligence. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Warman*, 260 Pa.Super. 130, 393 A.2d 1046 (1978); *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977). Mere assertions of due diligence and unproven facts do not establish cause for an extension under Rule 1100(c). *Commonwealth v. Ehredt*,

4. In this respect, we find that Judge Brown erred by implying that judicial delay does not afford the prosecution a valid reason for obtaining a due diligence extension under Rule 1100.

485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 390 A.2d 1366 (1978). In the instant case, the record merely contains the Commonwealth's petition to extend and Judge Greevy's order which grants the petition and notes that a hearing was held. No notes of testimony were made of that hearing; as such, the content of the hearing is not of record. We have stressed in the past the necessity of having Rule 1100 proceedings transcribed and made of record. *Commonwealth v. Frank,* 263 Pa.Super. 452, 398 A.2d 663 (1979); *Commonwealth v. Tome, supra.* As the record stands, we are unable to determine whether the Commonwealth had exercised due diligence and whether judicial delay existed justifying a granting of the extension.

We therefore remand the case to the Court of Common Pleas of Lycoming County for a full and complete hearing on the Commonwealth's petition for extension. Appellee must be afforded an opportunity to be heard at that time, and if it is determined that the extension was improperly granted because of the Commonwealth's lack of due diligence, then appellee must be discharged. If, however, the Commonwealth establishes its due diligence and the propriety of granting its petition, the case must then go to trial. *See Commonwealth v. Dixon,* 262 Pa.Super. 161, 396 A.2d 695 (1978).