Samuel P. Sherman, Sr. et al., Petitioners *v.* Robert B. Yoder et al., Respondents.

'Argued April 9, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Norman L. Levin, Brugler & Levin,* for petitioners.

*Robert B. Stewart, III,* for respondents.

Opinion by Judge Mencer, June 3, 1981 :

Robert B. Yoder and eight other individuals (respondents) filed a complaint in equity in the Court of Common Pleas of Mifflin County seeking to enjoin the closing of the Rothrock High School in McVeytown, Pennsylvania. Following a series of procedural developments and the filing of additional pleadings, the Honorable R. Lee Ziegler overruled the preliminary

objections filed by the defendants in the equity action (petitioners) to respondents' second amended complaint and overruled petitioners' motion for judgment on the pleadings.

Thereafter, Judge ZIEGLER granted a motion for recusal and removed himself from further participation in the matter. Subsequently, the Honorable KEITH B. QUIGLEY was assigned by our Supreme Court to specially preside relative to the aforementioned equity action.

On April 14, 1980, petitioners filed a petition requesting Judge QUIGLEY to reconsider Judge ZIEGLER's orders overruling their preliminary objections and their motion for judgment on the pleadings. By order dated April 18, 1980, Judge QUIGLEY denied this petition for reconsideration but certified, in accordance with Section 702(b) of the Judicial Code, 42 Pa. C. S. §702(b), that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. The instant appeal followed and we affirm.

Our initial consideration must be that all orders in question here are interlocutory orders and the order from which the instant appeal is taken is a petition for reconsideration. We can only conclude that such a petition was addressed to the sound discretion of Judge QUIGLEY.

Broadly stated, judicial discretion is the option which a judge may exercise either to do or not to do that which is proposed to him. When invoked as a guide to judicial action, it means a sound discretion exercised with due regard to what is right and equitable under the circumstances and the law. Abuse of discretion is not merely an error of judgment, but if, in reaching a conclusion, the law is overridden or mis-

applied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused. 20 P.L.E. *Judges* §21 (1959).

Considering the circumstance of the instant appeal and utilizing the above stated standard for testing judicial discretion, we must conclude that Judge QUIGLEY did not abuse his discretion in denying the petition for reconsideration of the earlier interlocutory orders of Judge ZIEGLER. Petitioners retain both the opportunity to present and advance their position at the trial of the equity suit and to appeal from all adverse final orders.

Certainly, if Judge QUIGLEY had been requested to pass upon factual issues where the testimony had been presented to Judge ZIEGLER, his doing so would have been error. *Hyman v. Borock,* 211 Pa. Superior Ct. 126, 235 A.2d 621 (1967). *See Commonwealth v. Davis,* 268 Pa. Superior Ct. 401, 408 A.2d 849 (1979).

Moreover, a judge has no authority to vacate an interlocutory order issued by another judge of the same court in the same case. *Commonwealth v. Eck,* 272 Pa. Superior Ct. 406, 416 A.2d 520 (1979); *Commonwealth v. Griffin,* 257 Pa. Superior Ct. 153, 390 A.2d 758 (1978). *See Commonwealth v. Washington,* 428 Pa. 131, 236 A.2d 772 (1968).

Accordingly, we find that Judge QUIGLEY's order of April 18, 1980, denying the petition for reconsideration filed by the petitioners, was not an abuse of discretion or an error of law. Therefore, we will affirm that order.

Order affirmed.

## ORDER

AND Now, this 3rd day of June, 1981, the order of the Court of Common Pleas of Mifflin County, dated April 18, 1980, denying the petition filed by the peti-

tioners in the above captioned case for reconsideration of previous orders of that court under dates of June 28, 1979 and February 11, 1980, entered in that court at Civil Action—Equity, No. 1325 of 1978, is hereby affirmed.