453 A.2d 362

Francis MATTHEWS

v.

JOHNS-MANVILLE CORP., et al.

Josephine CERMINARA, Admx. of the Estate of Joseph
Cerminara, Dec'd and Josephine Cerminara, in her
own right, Appellee,

v.

JOHNS-MANVILLE CORP., et al.

Superior Court of Pennsylvania.

Argued Oct. 29, 1982.

Filed Oct. 29, 1982.

G. Daniel Bruch, Jr., Philadelphia, for Pacor, Inc.

Joseph M. O'Neill, Philadelphia, for Armstrong Cork Company.

James D. Coleman, Philadelphia, for Raybestos.

John F. Ledwith, Philadelphia, for Keene Corp.

Edward J. David, Philadelphia, for Pittsburgh-Corning.

Brian D. Rosenthal, Philadelphia, for Garlock.

William L. Owens, Philadelphia, for Owens-Corning.

Marc P. Weingarten and Martin Greitzer, Philadelphia, for Francis Matthews.

Andrew J. Trevelise, West Chester, for Celotex.

Sue Ellen Smith, Philadelphia, for Eagle-Picher.

Robert Paul, Philadelphia, for Cerminara.

Robert B. Hochberg, Philadelphia, for Fibreboard.

Randi Werner and Charles J. Kalinoski, Philadelphia, for GAF.

Peter Samson and Andrew F. Susko, Philadelphia, for H.K. Porter and Southern Asbestos.

Before SPAETH, CAVANAUGH and HOFFMAN, JJ.

PER CURIAM:

These are motions to quash appeals from orders severing appellees' asbestos-related personal injury claims against appellants from their claims against other defendants. Appellants argue that the orders are final and therefore appealable. We have concluded, however, that the orders are interlocutory and not appealable. The motions to quash will therefore be granted.

Appellee Francis Matthews and appellee Josephine Cerminara are plaintiffs in two of approximately 2,000 asbestos-related personal injury claims now pending in the Court of Common Pleas of Philadelphia County against multiple defendants engaged in the manufacture, production, and sale of asbestos products. During the past several months, Johns-Manville Corporation, a defendant in the actions brought by both appellees, and Unarco Industries, Inc., a defendant in the action brought by appellee Matthews, filed for reorganization under the Bankruptcy Code of 1980. This resulted in an automatic stay of appellees' actions against Johns-Manville and Unarco. 11 U.S.C. § 362(a) (1979).

On September 24, 1982, the lower court entered an order granting appellee Matthews's petition for severance of her claims against Johns-Manville and Unarco from her claims against appellants as the other defendants, thus enabling the trial of her case to proceed after some four years' delay. The order specified that claims, cross-claims, and third-party claims against Johns-Manville and Unarco were severed from the principal action and stayed. None of the pending claims was dismissed.

On the same day, the lower court entered a pretrial order authorizing all plaintiffs in asbestos-related personal injury

cases pending before the court to obtain severance of their claims against Johns-Manville and Unarco upon the filing of a praecipe. Appellee Cerminara availed herself of that procedure.

Appellants have appealed the lower court's orders severing appellees' claims against Johns-Manville and Unarco. They also applied to this court for a stay of the trial of appellees' claims against them pending our decision on their appeals. Appellants did not seek permission to appeal the lower court's orders of severance as interlocutory orders, pursuant to 42 Pa.C.S.A. § 702(b) (1981). Instead, they maintain that the lower court's orders are not interlocutory but final.

We recognize that whether the lower court properly granted severance is a question of tremendous importance to the parties, not only in these cases but in the approximately two thousand other similar cases pending below. However, as we held in *Toll v. Toll,* 293 Pa.Super. 549, 439 A.2d 712 (1981) *(en banc)* (overruling *Gurnick v. Government Employees Insurance Co.,* 278 Pa.Super. 437, 420 A.2d 620 (1980)), the fact that a question is of importance is not sufficient to confer jurisdiction on this court. Thus, given that appellants did not seek permission to appeal the lower court's orders pursuant to 42 Pa.C.S.A. § 702(b) (1981), the only conceivable basis for our jurisdiction of these appeals is that the lower court's orders are final within the meaning of Pa.R.App.P. 341.[1]

An order is final within the meaning of Pa.R.App.P. 341 only if because of either its "technical effect" or its "practical ramifications" the litigant appealing the order is "out of court." *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977) *(en banc)* (quoting *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 463, 246 A.2d 353, 355 (1978)). Appellants do not maintain, nor could they, that the

1. In alluding to 42 Pa.C.S.A. § 702(b), we do not suggest, either that if appellants had sought permission to appeal, the lower court should have certified its orders, or that if it had certified them, we should have granted permission to appeal.

technical effect of the lower court's orders of severance is to preclude them from proving the merits of any cross-claim or third-party claim for contribution and indemnity that they have filed against Johns-Manville and Unarco. By the terms of the lower court's orders, all cross-claims and third-party claims may be heard against Johns-Manville and Unarco as soon as the stays imposed by operation of the bankruptcy proceedings are lifted.

■ Thus, the orders of severance are final only if because of the orders' practical ramifications appellants are precluded from recovering contribution or indemnity from Johns-Manville and Unarco or from maintaining their own defense. Appellants make several arguments that they are so precluded. Of their arguments, we think it necessary to discuss only three.

1

Appellants argue that the severance of Johns-Manville and Unarco from these actions will preclude them from recovering contribution from those companies under the Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S.A. §§ 8321–27 (1982) (contribution on *pro rata* basis), and 42 Pa.C.S.A. § 7102(b) (1982) (contribution on basis of apportioned damages). This argument seems to rest upon the premise that an adjudication that Johns-Manville and Unarco are jointly and severally liable, and therefore liable for contribution, will never occur unless *appellees,* in these actions, prove that they are jointly and severally liable. But we see no reason why *appellants* will not be able to have the issue of Johns-Manville's and Unarco's joint and several liability decided as an element of any action for contribution that they may elect to bring after the stays imposed by the bankruptcy proceedings are lifted. *See Harger v. Caputo,* 420 Pa. 528, 218 A.2d 108 (1966); *Swartz v. Sunderland,* 403 Pa. 222, 169 A.2d 289 (1961). *Cf. Rau v. Manko,* 341 Pa. 17, 17 A.2d 422 (1941) (If facts pleaded in original defendant's third-party claim were sufficient to warrant a finding that other defendant was jointly and severally liable, first de-

fendant could obtain contribution from the second); *Fisher v. Diehl,* 156 Pa.Super. 476, 40 A.2d 912 (1945) (Fact that plaintiff was precluded from bringing tort action against her spouse did not preclude defendant from bringing third-party contribution claim against plaintiff's spouse); *Pushnik v. Winky's Drive-In Restaurants,* 242 Pa.Super. 323, 363 A.2d 1291 (1976) (Additional defendants have right to prove that original defendant is liable for alleged injuries).

Appellants also argue that the orders granting severance will preclude them from maintaining an action for contribution and apportioned damages[2] against Johns-Manville and Unarco.[3] The statute authorizing contribution of apportioned damages states:

*Recovery against joint defendant; contribution*—Where recovery is allowed against more than one defendant, each defendant shall be liable for that portion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage may seek contribution.

42 Pa.C.S.A. § 7102(b) (1982).

Appellants argue that because of this provision, they may at the same time be held liable for injuries caused by Johns-Manville or Unarco, but be unable to maintain contribution actions against Johns-Manville or Unarco. We fail to see how that could occur.

**2.** *See generally Smialek v. Chrysler Motors Corp.,* 290 Pa.Super. 496, 434 A.2d 1253 (1981); RESTATEMENT (SECOND) OF TORTS §§ 433A, 433B (1965).

**3.** We entertain the hypothesis that appellants might succeed in apportioning damages in these actions only for the sake of discussion. We note that the lower court has decided in another asbestosis case that the nature of the illness is not consistent with a causal apportionment of responsibility among multiple defendants. *Swavely v. Johns-Manville Corp.,* No. 88 (123)—72, slip op. at 3–4 (Phila. Court of Common Pleas June 18, 1982).

### 2

■ Appellants next argue that the orders granting severance will preclude them from defending on the ground that Johns-Manville or Unarco is wholly or partially responsible for the injuries of which appellees complain. But we do not read the orders as precluding appellants from introducing evidence of Johns-Manville's or Unarco's liability in their own defense. *See Arnold v. Borbonus,* 257 Pa.Super. 110, 118 n. 3, 390 A.2d 271, 274–75 n. 3 (1978) (SPAETH, J., concurring and dissenting). Any conclusions that the jury might draw as to the liability of Johns-Manville or Unarco would not be *res judicata* as to those companies, *see Hanley v. Ryan,* 87 Pa.Super. 6 (1926), but that has no bearing on appellants' ability to defend themselves.

### 3

Appellants finally invoke the prospect of bankruptcy court orders discharging Johns-Manville and Unarco from their debts. It is true that if Johns-Manville and Unarco as debtors are discharged from any liability to which appellants' claims for contribution and indemnity might subject them, appellants' ability to recover on those claims will be limited. But that only shows that appellants are complaining of the practical ramifications of orders that may be entered in the *bankruptcy court.* Since those orders will be entered irrespective of whether the orders granting severance remain in effect, they are irrelevant to our inquiry whether the practical ramifications of the *orders granting severance* preclude appellants from recovering contribution or indemnity.

Since appellants have not presented us with any reason to believe that they will be precluded by the orders granting severance from recovering contribution or indemnity from Johns-Manville and Unarco or from maintaining their own defense, we hold that the orders are not final.

Appellees' motions to quash are granted. Appellant's application for a stay is dismissed as moot.