461 A.2d 839

**Eva REIFINGER**

v.

**HOLIDAY INNS, INC., Appellant**

v.

**WILSON & SAVAGE DEVELOPMENT COMPANY.**

Superior Court of Pennsylvania.

Argued March 17, 1983.

Filed June 10, 1983.

148

Gary Keith Feldbaum, Philadelphia, for appellant.

Rosalind T. Kaplan, Philadelphia, for Reifinger, appellee.

Frank C. Bender, Philadelphia, for Wilson & Savage Development Co., appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

ROWLEY, Judge:

This is an appeal from an order of the trial court granting summary judgment in favor of Wilson & Savage Development Company (hereafter "Wilson & Savage"), additional

defendant-appellee,[1] and against Holiday Inns, Inc. (hereafter "Holiday Inns"), the original defendant-appellant. We reverse.

Plaintiff Eva Reifinger instituted this action in Pennsylvania against Holiday Inns for damages arising from personal injuries allegedly suffered in March, 1978. Plaintiff avers that her injuries occurred as a result of Holiday Inns' negligence that caused her to fall during her stay at the Holiday Inn in St. George, Bermuda. Plaintiff's complaint was filed on September 11, 1978. On April 20, 1980, appellant joined Wilson & Savage as an additional defendant, alleging that Wilson & Savage's "agents, servants, workmen and/or employees" had negligently or recklessly caused Mrs. Reifinger's injuries. Wilson & Savage is alleged to be "located" in Tennessee. On May 16, 1980, Wilson & Savage filed preliminary objections alleging, *inter alia*, that "[t]he Courts of Pennsylvania have no jurisdiction, either personal or subject matter, over the Additional Defendant." The Honorable Edward Rosenwald, to whom the case had been assigned for trial, overruled appellee's preliminary objections on October 22, 1980.

The parties proceeded through discovery and, on three separate occasions, the case was scheduled for trial. In all three instances, however, trial was continued just prior to its scheduled commencement. In January, 1982, Judge Rosenwald was reassigned to the Criminal Section of the Trial Division of the Philadelphia County Court of Common Pleas. This case was then reassigned for trial to the Honorable Paul M. Chalfin. In February, 1982, trial was scheduled to commence on June 28, 1982.

On May 26, 1982, barely one month before the scheduled trial date, Appellee Wilson & Savage filed a motion for summary judgment. The *sole* ground raised by appellee was that the Pennsylvania courts lacked *in personam* jurisdiction over it. In an accompanying memorandum of

1. Plaintiff is also before this Court as an appellee. However, she has joined "in and adopts by reference the brief" and argument of appellee, Wilson & Savage.

law, Wilson & Savage stated that "the Motion for Summary Judgment is in essence a Motion for Reconsideration of the issue of the assertion of personal jurisdiction over the Additional Defendant ..." decided adversely to Wilson & Savage nineteen months earlier by Judge Rosenwald. Holiday Inns requested and was granted an extension of ten days in which to file an answer to the motion; the answer was filed on June 25, 1982, three days before trial was to begin. Judge Chalfin heard oral argument on the motion immediately prior to the commencement of jury selection on June 28. During the course of voir dire, Judge Chalfin announced that he intended to grant Wilson & Savage's motion for summary judgment. Trial proceeded through counsels' opening statements to the jury but ended in a mistrial upon Plaintiff's request for the withdrawal of a juror. Judge Chalfin's order granting appellee's motion for summary judgment was dated July 12, 1982, and was docketed on July 16, 1982. Thereafter, appellant perfected the instant appeal.

The parties present four issues for resolution. First, is the order granting summary judgment in favor of Wilson & Savage a final order from which Holiday Inns may take an appeal as of right? Second, did Judge Chalfin properly "reconsider and overrule"[2] the earlier decision and order of Judge Rosenwald dismissing Wilson & Savage's preliminary objections to *in personam* jurisdiction? Third, was summary judgment rendered in accordance with the standards set forth in Pa.R.C.P. No. 1035? Finally, may the courts of Pennsylvania exercise personal jurisdiction over Appellee Wilson & Savage? Because of our disposition of the first two questions, we deem it unnecessary and inappropriate to discuss the other questions raised and, therefore, we express no opinion on them at this time.

## I

Unless an order falls within a specific exception created by statute, *see* 42 Pa.C.S.A. §§ 702 and 5105(c), or

---

**2.** Counsel for Wilson & Savage conceded at oral argument that Judge Chalfin had "overruled" Judge Rosenwald.

by general rule, *see* Pa.R.A.P. 311, 312, and 1301 et seq., this court may entertain an appeal only if the order appealed from is final. 42 Pa.C.S.A. § 742. Appellant does not here invoke any exception to the general rule but rather asserts that the order of July 12, 1982, is final and immediately appealable. Appellee argues that summary judgment rendered in favor of an additional defendant is not a final order. However, this issue has been decided by this court on at least two previous occasions; in each instance, such an order was held to be final and immediately appealable. *Lane v. Schacht,* 260 Pa.Super. 68, 74, 393 A.2d 1015, 1018 (1978); *Husak v. Berkel,* 234 Pa.Super. 452, 455 n. 1, 341 A.2d 174, 175 n. 1 (1975). In each case, it was noted that the order in question effectively terminated the litigation as to the additional defendant. Appellee presents no reasons for disregarding *Lane* and *Husak* and none are readily apparent.[3] We therefore conclude, as did the court in *Lane, supra,* and *Husak, supra,* that the order appealed from in this case is final and that the case is properly before us for review.

## II

We hold that it was error for Judge Chalfin to consider Appellee Wilson & Savage's motion for summary judgment. The sole ground relied upon by appellee in the motion was identical to one of five which appellee had earlier presented in its preliminary objections. These objections had been overruled by Judge Rosenwald on October 22, 1980.

Absent some new evidence, it is improper for a trial judge to overrule an interlocutory order of another judge of the same court in the same case. There must be some degree of finality to the determinations of all pre-trial applica-

---

**3.** Appellee's argument that the order is not final is based upon a reading of *Matthews v. Johns-Mansville Corp.,* 307 Pa.Super. 300, 453 A.2d 362 (1982). However, that case involved an order granting a severance, not the grant of summary judgment. Appellee's reliance upon *Matthews* is therefore misplaced.

tions so that judicial economy and efficiency can be maintained.

*Commonwealth v. Griffin,* 257 Pa.Super. 153, 157, 390 A.2d 758, 760 (1978).

*Accord: Commonwealth v. DeMichel,* 214 Pa.Super. 392, 257 A.2d 608 (1969); *See also: Commonwealth v. Washington,* 428 Pa. 131, 133 n. 2, 236 A.2d 772, 773 n. 2 (1968); *Commonwealth v. Eck,* 272 Pa.Super. 406, 409, 416 A.2d 520, 522 (1979); *Commonwealth ex rel. Schulberg v. Hirsch,* 236 Pa.Super. 179, 181–182, 344 A.2d 530, 531 (1975); *Sherman v. Yoder,* 59 Pa.Cmwlth. 430, 433, 430 A.2d 347, 349 (1981).

The record before Judge Chalfin was in no respect materially different with regard to the issue of personal jurisdiction than that before Judge Rosenwald at the time the latter ruled on appellee's preliminary objections. Indeed, in support of its motion for summary judgment presented to Judge Chalfin, Wilson & Savage attached as an exhibit to the motion the deposition of Doyle Savage, one of the two partners having an interest in Wilson & Savage Development Company.[4] This deposition was the sole evidentiary means by which appellee attempted to prove that the courts of this Commonwealth could not exercise personal jurisdiction over it. Savage had been deposed on August 1, 1980, and the transcribed notes of testimony were filed of record on October 20, 1980. This deposition, therefore, was before Judge Rosenwald at the time he issued his order overruling appellee's preliminary objections. Furthermore, Judge Rosenwald had specifically ordered the deposition to be taken for the express purpose of assisting him in ruling on appellee's preliminary objections with respect to the issue of personal jurisdiction. The deposition was limited to that issue alone. The record does not disclose that Judge Chalfin had any evidence before him that was relevant to the

4. The other partner in Appellee Wilson & Savage, one Kemmons Wilson, was also a co-founder and, at least for a time, Chairman of the Board of the appellant in this case, Holiday Inns, Inc. *See Zimmerman v. Holiday Inns of America, Inc.,* 438 Pa. 528, 266 A.2d 87, 41 A.L.R.3d 421 (1970); D. Savage Deposition, 2/13/81, pp. 55, 91, 98, 111, and 114–120 (R.R. 162a, 198a, 205a, 218a, and 221a–227a).

issue of personal jurisdiction that was not before Judge Rosenwald when he overruled appellee's preliminary objection to personal jurisdiction.

■ Moreover, Judge Rosenwald remained available at the time the motion for summary judgment was presented to Judge Chalfin. He had merely been reassigned to hear matters in criminal cases. It was possible, therefore, to assign the motion for summary judgment to him for disposition. Also, for more than a year after he ruled on the preliminary objections, Judge Rosenwald continued to preside in the Civil Section of the Trial Division with this case on his calendar. Judge Rosenwald had scheduled it for trial on three occasions. Appellee thus had more than sufficient time to prepare a motion for reconsideration and submit it to the same judge who had decided the issue in the first instance. Thus, no valid reason appears in the record of this case to make an exception to the general rule that one judge may not overrule an interlocutory order of another judge of the same court in the same case.

For all of the foregoing reasons, the order of July 12, 1982, is reversed and the case is remanded for trial without prejudice to the right of the appellee to renew its jurisdictional objection in post-trial motions.

Jurisdiction is not retained.