**UNITED STATES of America ex rel. Louis KRIPPLEBAUER**

v.

**Horace TURLEY, Warden of Philadelphia Detention Center.**

**Misc. No. 3456.**

United States District Court
E. D. Pennsylvania.

Jan. 20, 1967.

Stephen Robert LaCheen, Philadelphia, Pa., for petitioner.

## MEMORANDUM OPINION

FULLAM, District Judge.

The petitioner for habeas corpus in this case claims that he is being detained under excessive bail in an extradition proceeding. It appears that the petitioner was arrested on December 15, 1966, under a fugitive warrant issued by the appropriate authorities of Nassau County, New York, being charged with having committed the offense of robbery in the first degree in that jurisdiction on or about May 25, 1966. It is alleged that the petitioner made application to the Court of Quarter Sessions of Philadelphia County to have bail set, and that the court did fix bail in the sum of $50,000, on December 16, 1966. It is further alleged that on December 19th, the petitioner applied to the Supreme Court of Pennsylvania for reduction of bail, but that Court denied his application by order entered January 6, 1967, without opinion.

The petitioner alleges that his detention under excessive bail is a violation of (unspecified) rights guaranteed by the United States Constitution. Since it is quite clear that the petitioner has not exhausted his available state remedies, the present application will be refused, without the necessity of passing upon the various serious legal questions which immediately suggest themselves as difficulties in the path of the application on its merits.

Pennsylvania has adopted the Uniform Criminal Extradition Act, Act of 1941, July 8, P.L. 288 (Pa.Stat.Ann. tit. 19, § 191.1 et seq.). Section 16 of that Act provides that in cases such as petitioner's

"* * * a judge or magistrate in this State may admit the person arrested to bail by bond with sufficient sureties and in such sum as he deems proper * * *." (Pa.Stat.Ann. tit. 19, § 191.16).

Rule 4005 of the Pennsylvania Rules of Criminal Procedure, Pa.Stat.Ann. tit. 19, Appendix, provides

"(b) A court may, for cause, increase or reduce the amount of bail or require new or additional bail."

It does not appear that the petitioner has ever requested the Court of Quarter Sessions to reduce the amount of bail initially set, nor does it appear that he has ever raised the question properly before the Supreme Court of Pennsylvania. Under the applicable state procedures, it does not seem that the Supreme Court should be expected to entertain an initial application for reduction of bail, when no such application has ever been made in the lower court.

More importantly, it does not appear that the petitioner has ever tried to raise any of the constitutional arguments now advanced, before any state tribunal.

And finally, the petition alleges that the petitioner has refused to waive extradition, and that he is awaiting an "extradition hearing" scheduled for January 27, 1967. Under the applicable statute, the sole method for resisting extradition is by an application for habeas corpus, so it is apparent that there is presently pending before the state court a habeas corpus proceeding which has neither been disposed of nor unreasonably delayed. We have not been made aware of any reason for supposing that the constitutional issues presently alleged could not be raised in that proceeding.

For all of these reasons, the petition will be dismissed. We express no opinion as to whether the federal constitution's guarantee against excessive bail, as contained in the Eighth Amendment, is binding upon the states either directly or via the due process clause of the Fourteenth Amendment, cf. Pilkington v. Circuit Court of Howell County, Mo., 324 F.2d 45 (8th Cir. 1963); nor as to whether, in the factual situation presented by this petition, it would ever be proper for this court to presume to substitute its judgment for that of the state courts on what is, essentially, a factual evaluation; nor as to whether a question of constitutional dimension is likely to be involved in the relatively brief detention associated with an extradition proceeding.

### ORDER

And now, this 20th day of January, 1967, the petition of Louis Kripplebauer for a writ of habeas corpus is denied, without prejudice.