## Commonwealth *v.* Farris, Appellant.

Argued April 22, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Marilyn J. Gelb,* with her *Edmund E. De Paul,* for appellant.

*Peter S. Greenberg,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1971:

Emanuel Farris, fourteen years of age, after the filing of a delinquency petition and a counseled evidentiary hearing before a judge sitting in the Court of Common Pleas of Philadelphia, Family Court Division, was held for further proceedings before a grand jury. At the hearing evidence was introduced that Farris fatally stabbed another youth in the back without provocation during a street gang fight. He was subsequently indicted by a grand jury for murder, voluntary manslaughter and involuntary manslaughter.

Through counsel, Farris filed motions in the Court of Common Pleas, Trial Division, Criminal Section of Philadelphia requesting the court to quash the indictments and to return the case to the Family Court Division for disposition. After a hearing, during which it was disclosed that Farris had previously committed acts in violation of the criminal laws and was committed to a correctional institution from which he committed an escape, these motions were denied. A timely appeal from this order was then filed. Counsel subsequently filed a petition requesting that Farris be released on bail pending trial. From the order denying this motion, an appeal was also filed. Both appeals were consolidated for argument before this Court.

The order refusing to quash the indictments and to return the case to the Family Court Division for disposition is an interlocutory order which is unappealable, and the appeal (No. 245) entered therefrom will be quashed.

Since evidence offered at the preliminary hearing in the Family Court Division established a prima facie case of murder in the first degree, the court below did not err in refusing to release Farris on bail pending trial, and its order to this effect will be affirmed.

It is so ordered.