**Peter B. REVTY, Petitioner,**

v.

**COMMONWEALTH OF PENNSYL-
VANIA et al., Respondent.**

**Civ. A. No. 73–429.**

United States District Court,
W. D. Pennsylvania.

May 30, 1973.

Peter B. Revty, pro se.

Robert W. Duggan, Dist. Atty., of Allegheny County, Pittsburgh, Pa., Israel Packel, Atty. Gen., of Pa., Harrisburg, Pa., for respondents.

## MEMORANDUM AND ORDER

MARSH, Chief Judge.

Peter B. Revty, an untried prisoner of the Commonwealth of Pennsylvania, has filed two *in forma pauperis* petitions requesting, respectively, habeas corpus relief and removal of his pending state charges to this court. The petitions will be denied.

Petitioner's habeas corpus application is based upon a claim that he is being detained in state custody under excessive bail.[1] It appears that petitioner was arrested on May 3, 1973, and subsequently charged with burglary, larceny, receiving stolen goods, conspiracy, possession of burglary tools, and violating the Uniform Firearms Act. He was arraigned before a magistrate and his bail was set at $25,000. Petitioner is presently incarcerated in the Allegheny County Jail, and it may be inferred that he has been unable to supply the required bail. Conspicuous in its absence from the petition is any allegation that petitioner presented his claim of excessive bail to any state tribunal prior to making his application in this federal court.

Federal habeas corpus relief is only an appropriate remedy from excessive bail set in state criminal proceedings when a petitioner has exhausted all his available state remedies.[2] In this case petitioner still has available to him under Rule 4005, Pennsylvania Rules of Criminal Procedure,[3] a means of contesting the amount of his bail in the Common Pleas Court of Allegheny County, and a further right of appeal from any adverse decision rendered there. Cf. Commonwealth v. Farris, 443 Pa. 251, 278 A.2d 906 (1971); Commonwealth v. Boyle, 412 Pa. 398, 195 A.2d 97 (1963). Since petitioner has obviously failed to exhaust these available state remedies, his petition in this federal court for habeas corpus relief must be denied. United States v. Turley, 263 F.Supp. 115 (E.D.Pa.1967); Cf. Goodine v. Griffin, 309 F.Supp. 590 (S.D.Ga.1970).

Petitioner's application for removal of the pending charges before the state court is based upon conclusory allegations that he is being unlawfully detained, denied competent assistance of counsel, and denied bail.[4] Petitioner fails to point out any explicit state law the operation of which would violate his federal rights—rather, all that is alleged is that individual officers are denying him federal rights by their actions. In such circumstances petitioner's rights can only be vindicated by a state forum and removal is improper. Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Wansley v. Commonwealth of Virginia, 368 F.2d 71 (4th Cir. 1966); Hill v. Commonwealth of Pennsylvania, 183 F.Supp. 126 (W.D.Pa. 1960). Accordingly, removal of the pending state charges to this court is denied.

1. It is also alleged that petitioner has been the victim of an illegal arrest and search; that he has not been permitted to state an alibi; and that he is innocent. These contentions, insofar as they may eventually be grounds for relief in either state or federal proceedings, are premature and cannot be considered by this court at this time. Drury v. Cox, 457 F.2d 764 (9th Cir. 1972).

2. For cases where state remedies have been exhausted and the issue considered see: Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964); United States ex rel. Keating v. Bensinger, 322 F.Supp. 784 (N.D. Ill.1971); Wansley v. Wilkerson, 263 F.Supp. 54 (W.D.Va.1967).

3. Rule 4005, Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix provides in pertinent part:
   "(b) A court may, for cause, increase or reduce the amount of bail or require new or additional bail."

4. While petitioner does not specifically cite statutory authority for removal of a state criminal action, we presume 28 U.S.C. § 1443(1) is his basis.

**260**

An appropriate order denying the prayers of the petition and remanding the criminal proceedings to Allegheny County will be entered.