Commonwealth *v.* Rucco, Appellant.

Argued March 19, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Clyde W. Waite,* Assistant Public Defender, for appellant.

*Stephen B. Harris,* First Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

This is an appeal from an Order denying appellant's motion to quash an indictment based on an alleged violation of the "180 day rule."[1] We do not reach the substantive issue for it is clear that the appeal is from an interlocutory order and must be quashed.

With the exception of those classes of appeals which are within the exclusive jurisdiction of the Supreme and Commonwealth Courts, this court has appellate jurisdiction over "all appeals from *final orders* of the courts of common pleas." Appellate Court Jurisdiction Act, July 31, 1970, P. L. 673, No. 223, Art. III, §211.302 (emphasis added). Our appellate jurisdiction extends to *non-final* orders only where: (a) an appeal from an interlocutory order is authorized by law: Appellate Court Jurisdiction Act, supra, §501(a), 17 P.S. §211.501 (a); (b) a lower court has certified the issue involved in the interlocutory order as "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter . . .": Id., §501 (b), 17 P.S. §211.501(b); or, (c) the appellee has waived an objection to the jurisdiction of the court: Appellate Court Jurisdiction Act, supra, §503(a), 17 P.S. §211.503(a). Regarding

---

[1] Act of June 28, 1957, P. L. 428, §1, 19 P.S. §881.

the latter two instances of jurisdiction over appeals from interlocutory orders, we may, in our discretion refuse to exercise that jurisdiction. We do not have that discretion in the instant case because the lower court has not certified the case as involving "a controlling question of law" and the appellee has specifically objected to our jurisdiction over this appeal. We have jurisdiction, therefore, only if the instant appeal is from a final order or if it is an appeal from an interlocutory order which is authorized by law.

Normally, an individual charged with a crime does not have the right to appeal before his trial and conviction, or thereafter until final judgment and sentence. *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A. 2d 780 (1954). Extraordinary circumstances "requiring the safeguarding of basic human rights" may justify the relaxation of this rule. See *Commonwealth v. Trunk,* 311 Pa. 555, 167 A. 333 (1933); *Commonwealth v. Kilgallen,* supra. Our courts have, however, consistently held that an order denying a motion to quash an indictment is interlocutory, and, hence, not appealable. *Commonwealth v. Farris,* 443 Pa. 251, 278 A. 2d 906 (1971); *Commonwealth v. Laughlin,* 389 Pa. 109, 132 A. 2d 265 (1957); *Commonwealth v. O'Brien,* 389 Pa. 109, 132 A. 2d 265 (1957); *Commonwealth v. Warfield,* 424 Pa. 555, 227 A. 2d 177 (1967); *Commonwealth v. Fudeman,* 186 Pa. Superior Ct. 547, 152 A. 2d 428, aff'd 396 Pa. 236, cert. den., 361 U.S. 902, 80 S. Ct. 211 (1958). An appeal may however be taken from such an order when the indictment is defective on its face. *Commonwealth v. Smith,* 212 Pa. Superior Ct. 403, 244 A. 2d 787 (1968). The indictment herein is not defective on its face, and appellant has not contended that extraordinary circumstances justify an exception to the rule. If appellant's claim that the "180 day rule" was violated is correct, he will have faced the expense and ordeal of a trial. This problem, however, would be present in every crimi-

nal case in which a pretrial order might terminate the proceedings. See *Commonwealth v. Washington,* 428 Pa. 131, 236 A. 2d 772 (1968).

Appellant appears to be arguing that this appeal which is from an interlocutory order is one which is authorized by law. The argument is based upon the Act of June 28, 1957, P. L. 428, §2, 19 P.S. §881. That act provides that when there is a violation of the 180 day rule, "no court of this state shall any longer have jurisdiction [of the action]." Appellant argues that since the act is a jurisdictional one, an appeal from an order under the act raising a jurisdictional question should be allowed. We need not decide whether the act is a purely jurisdictional one or not for, assuming that it is, an appeal from an order thereunder is not authorized by law. Appeals from interlocutory orders raising questions of jurisdiction *in civil actions at law or equity* are authorized by the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. There is no similar authorization for appeals from interlocutory orders in criminal proceedings.

This appeal is quashed without prejudice to appellant's right to raise the issue on direct appeal should a conviction be returned.

---

DISSENTING OPINION BY VAN DER VOORT, J.:

The appellant filed in the Court of Common Pleas of the County of Bucks, on October 18, 1973, a Motion to Dismiss an Indictment charging him with burglary, larceny and receiving stolen goods, on the grounds that he had not been brought to trial upon the indictment within 180 days after notice had been given to the District Attorney of the County asking for final disposition within that time. The trial court refused to dismiss the indictment and this appeal followed.[1] I would

---

[1] By entertaining this appeal we would not be deciding whether the Order of the lower court is an interlocutory one or a final one.

decide the matter in the interest of bringing about an earlier conclusion to this case.

At a time when the Appellant was serving time in the State Correctional Institution at Dallas, Pennsylvania, he served notice upon the District Attorney of the County of Bucks that he wanted a prompt trial upon three (3) charges of burglary, larceny and receiving stolen goods; one at No. 2162 of 1971, one at No. 2270 of 1972 and one at No. 2271 of 1972. This notice was served on January 23, 1973. Following receipt of the Appellant's notice, the District Attorney listed the case for trial at No. 2162 of 1971 on March 19, 1973, that being fifty-six (56) days after the notice.[2]

On the date set, the Defendant elected not to go to trial but instead moved to quash the indictment on the grounds that he had not been afforded a preliminary hearing. The Court granted the motion to quash on March 19, 1973. The Appellant was rearrested upon the same charge, was given a preliminary hearing and re-indicted under a new indictment No. 639 of 1973. Trial upon the second indictment was listed for trial on October 23, 1973.

Before the trial occurred, the Appellant asked for and was granted a rule to show cause why the indictment should not be dismissed on the basis of the notice which had been served relating to the first indictment at No. 2162 of 1971. The trial court, after hearing, discharged the rule.

The Act of Assembly of June 28, 1957, P. L. 428, §1, 19 P.S. 881 establishing the "180 day rule" provides in principal part as follows: "(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the

---

[2] Disposition of the other two (2) indictments at No. 2270 and No. 2271 of 1972 are not concerned in this appeal.

continuance of the term of imprisonment there is pending in this Commonwealth any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. . . ."

The objective of this enactment is to give one imprisoned against whom other charges are pending a way to have his case tried within 180 days after he asks the District Attorney for such opportunity. After receipt of request for trial under the 180 day rule it is customary for the District Attorney to indicate in or on the indictment in some conspicuous way the need for early trial. Where the Defendant chooses to decline his opportunity for early trial and elects to bring about a disposition of the indictment in another manner the notice requesting prompt trial comes to an end. With the myriad of cases handled by the District Attorneys of the Commonwealth, the law cannot rightfully expect the District Attorney to transfer 180 day rule notices from an indictment which has been disposed of to a new indictment as named by a different Grand Jury. In the instant case, after the new indictment was returned at No. 639 of 1973, the Defendant did nothing to notify the District Attorney that he wanted disposition within 180 days.

Furthermore, there is nothing in the record to indicate that the indictment against the Appellant was, as is required by the statute, pending "during the continuance of the term of imprisonment." The record shows

that the Appellant was released on bond on April 19, 1973 and the new indictment was returned April 6, 1973. From all indications the record shows that the Appellant's imprisonment ended on April 19, 1973 indicating that the Appellant was not thereafter qualified to call upon the provisions of the "180 day rule."[3]

The order below should be affirmed.

PRICE, J., joins in this dissent.

---

[3] The Appellant cites the case of *Commonwealth v. James Lee Hinton*, at Nos. 298, 299 and 2758 of 1972 in the Criminal Division of the Common Pleas Court of Bucks County, affirmed by our Court Per Curiam on November 21, 1973 with certiorari being denied by the Supreme Court of Pennsylvania on April 9, 1974. In *Hinton*, the Defendant was first indicted at Nos. 298 and 299 of 1972. He served notice of the 180 day demand and while these indictments were pending, the District Attorney secured a new indictment based upon its original complaint at No. 2758 of 1972 containing the identical charges in the indictment at 299 of 1972. The Defendant Hinton never elected to quash any of the indictments. He was in prison all of the time. This clearly distinguishes Hinton from the case at bar. Reference to Hinton should not be made without pointing out that the Defendant in that case moved to postpone the trial of his case, which action is so contrary to his demand under the 180 day rule as to nullify the request for trial within 180 days. However, the trial court indicates that it regarded the Defendant's motion merely as a suspension of the running of the 180 day period during the number of days that the case was postponed.