J-S56005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TODD RICHARD OYLER | : | |
| | : | |
| Appellant | : | No. 396 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 17, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0001246-2015

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:　　**FILED: NOVEMBER 7, 2018**

Appellant, Todd Richard Oyler, appeals from the judgment of sentence entered in the Adams County Court of Common Pleas, following his jury trial convictions for two counts of involuntary deviate sexual intercourse with a child and one count each of unlawful contact with a minor, aggravated indecent assault, indecent assault, and corruption of minors.[1]  We affirm.

The May 2, 2018 trial court opinion accurately set forth the facts and procedural history of this case.[2]  Thus, we have no reason to restate them.

---

[1]  18 Pa.C.S.A. §§ 3123(b); 6818(a)(1); 3125(a)(7); 3126(a)(7); 6301(a)(1)(i), respectively.

[2] We clarify that the court sentenced Appellant on October 17, 2017, to an aggregate term of 16 to 40 years' imprisonment.  The court also designated Appellant a sexually violent predator ("SVP").  On October 25, 2017, Appellant

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN FAILING TO PROPERLY WEIGH THE EVIDENCE AND FAILING TO FIND THAT THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE?
>
> WAS APPELLANT DEPRIVED OF HIS SUBSTANTIVE AND DUE PROCESS GUARANTEES TO CONFRONTATION AT HIS PRELIMINARY HEARING?
>
> WAS APPELLANT DEPRIVED OF HIS RIGHT TO A FAIR TRIAL WHERE THE TRIAL COURT REMOVED A JUROR ON THE FINAL DAY OF TRIAL WITHOUT DETERMINING WHETHER SHE COULD BE FAIR AND IMPARTIAL?
>
> WAS APPELLANT DEPRIVED OF HIS DUE PROCESS GUARANTEES WHEN THE COMMONWEALTH FAILED TO PROVIDE AN ADEQUATE BILL OF PARTICULARS UPON REQUEST, AND THE COURT FAILED TO SO ORDER?

(Appellant's Brief at 5).[3]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned order and opinion of the Honorable Thomas R. Campbell and the opinion of the Honorable Shawn Wagner, supporting their various rulings in this case, we conclude Appellant's first, second, and third issues merit no relief. The trial court decisions

---

sought an extension of time to file post-sentence motions, which the court granted. Appellant timely filed post-sentence motions on Monday, November 27, 2017. On January 24, 2018, the court granted Appellant's request and vacated the SVP designation. The court denied post-sentence relief regarding all other claims on February 5, 2018. Appellant timely filed a notice of appeal on March 5, 2018.

[3] For purposes of disposition, we have re-ordered some of Appellant's issues.

comprehensively discuss and properly dispose of those issues. (***See*** Order of Court, filed April 29, 2016, at 1-2 (J. Campbell); Trial Court Opinion, filed October 6, 2016, at 6-7 (J. Campbell); Trial Court Opinion, filed May 2, 2018, at 5-17 (J. Wagner) (finding: **(1)** Victim testified that Appellant's abuse began when she was about four years old in her mother's and Appellant's home in York County; Victim said abuse continued until Victim was about six or seven years old, including after Victim's mother and Appellant had moved to Adams County; Commonwealth established that Appellant engaged in numerous sex acts with Victim between November 2007 and April 2015; Victim testified that abuse tapered off when Appellant was diagnosed with cancer but started again when Victim was in fifth grade; Victim said Appellant's most recent assaults occurred in October and April of fifth grade; verdict does not shock one's sense of justice and was not against weight of evidence; **(2)** right of confrontation is **trial** right; Pa.R.Crim.P. 542(E) provides that hearsay evidence alone is sufficient to establish *prima facie* case at preliminary hearing; Rule is promulgated by Pennsylvania Supreme Court and deemed constitutional; moreover, once defendant has been tried and convicted, any defect in preliminary hearing is rendered immaterial;[4] **(3)** during trial, Victim's

---

[4] ***See Commonwealth v. Ricker***, 120 A.3d 349 (Pa.Super. 2015), *appeal dismissed as improvidently granted*, ___ Pa. ___, 170 A.3d 494 (2017) (holding Rules of Criminal Procedure permit hearsay evidence alone to establish *prima facie* case; accused does not have state or federal constitutional right to confront witnesses against him at preliminary hearing).

stepmother, who had been listed as potential witness but did not testify, informed prosecutor that she recognized Juror #62 because they had previously worked together; court questioned juror, who admitted she had worked with Victim's stepmother but did not initially recognize name when court read list of potential witnesses during jury selection; juror admitted Victim's stepmother had reprimanded juror on one occasion during course of employment; in abundance of caution, court dismissed juror; court did not abuse its discretion in removing juror). Thus, as to Appellant's first, second, and third issues, we affirm on the basis of the order and opinion of Judge Campbell and the opinion of Judge Wagner, of the Adams County Court of Common Pleas.

Regarding Appellant's fourth issue concerning an adequate bill of particulars:

> Preliminarily, we observe generally that issues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

*Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (internal citations and quotation marks omitted).

Instantly, in his Rule 1925(b) statement, Appellant raised a denial of his due process rights where he requested a bill of particulars from the Commonwealth but "never received it." On appeal, Appellant does not claim the Commonwealth failed to respond to his request but asserts the Commonwealth's answer was inadequate. Because Appellant did not challenge the adequacy of the Commonwealth's response in his Rule 1925(b) statement, the trial court did not address that precise claim of error in its opinion. Consequently, Appellant's fourth issue is waived for vagueness in his concise statement. ***See id.***

Moreover, Pennsylvania Rule of Criminal Procedure 572 provides:

**Rule 572. Bill of Particulars**

(A) A request for a bill of particulars shall be served in writing by the defendant upon the attorney for the Commonwealth within 7 days following arraignment. The request shall promptly be filed and served as provided in Rule 576.

(B) The request shall set forth the specific particulars sought by the defendant, and the reasons why the particulars are requested.

(C) Upon failure or refusal of the attorney for the Commonwealth to furnish a bill of particulars after service of a request, the defendant may make written motion for relief to the court within 7 days after such failure or refusal. If further particulars are desired after an original bill of particulars has been furnished, a motion therefor may be made to the court within 5 days after the original bill is furnished.

(D) When a motion for relief is made, the court may make such order as it deems necessary in the interests of justice.

Pa.R.Crim.P. 572.

Here, Appellant filed a request for a bill of particulars on March 9, 2016. The Commonwealth responded on March 15, 2016. Appellant did not challenge the adequacy of the Commonwealth's response by filing a motion with the court as set forth in Rule 572(C). Therefore, Appellant waived his claim on this ground as well. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2018

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA        CP-01-CR-1246-2015

VS.

TODD R. OYLER

## ORDER OF COURT

AND NOW, this 29th day of April, 2016, after argument on Defendant's Omnibus Pre-Trial Motion, it is hereby Ordered that the Motion is Denied in its entirety. Defense filed a Motion for Writ of Habeas Corpus, Motion to Quash the Criminal Information based upon alleged lack of prima facia case and requested a remand of proceedings to the Magisterial District Court for preliminary hearing based on argument that the only testimony presented at the original preliminary hearing was hearsay testimony from the Affiant. The evidence presented to this Court for review consisted solely of a transcript of the preliminary hearing held before Magisterial District Judge Tony Little on November 24, 2015.

Based upon review of that transcript, the evidence presented by the Commonwealth is sufficient to establish a prima facia case on all charges. Accordingly, both the Motion for Writ of Habeas Corpus and the Motion to Quash the Criminal information are denied.

With regard to Defendant's request for remand for a new preliminary hearing, it is noted that the Pennsylvania Rule of Criminal Procedure 542(E) promulgated by the Pennsylvania Supreme Court, provides that hearsay evidence alone is sufficient to establish a prima facia case at a preliminary hearing. As the Rule is promulgated by the Pennsylvania Supreme Court, it is

Distribution on last page

SCANNED

deemed to be constitutional. Further, in **Commonwealth v. Ricker**, 120 A.3d 349 (July 17, 2015), the Pennsylvania Superior Court has established appellate authority in this regard. Although the Supreme Court has granted allocator in that case, at the time of the preliminary hearing, as well as the time of the omnibus pre-trial hearing, and the date of this Order, the Superior Court's published Opinion in **Ricker** is good and binding law.

Accordingly, the evidence presented at the original preliminary hearing is sufficient to establish a prima facia case. Defendant is not entitled to an additional preliminary hearing as this Court will not allow for fishing expeditions in our Magisterial District Courts.

For all of the forgoing reasons, Defendant's Omnibus Pre-Trial Motion is denied in its entirety.

BY THE COURT:

**THOMAS R. CAMPBELL**
**Judge**

Megan C. Zei, Esquire
Gerald A. Lord, Esquire
Samuel A. Gates, Esquire
wlc

Copies distributed to: DA, S.Gates,esq-250 York St Hanover PA 17331

DPS, ACACC, Sheriff,
P.D. - Electronic

G.Lord,esq- 45 N Duke St York PA 17401

on 5-24-16  10:59am  +001

MDS LHHE, - email



IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA          CP-01-CR-1246-2015

VS.

TODD RICHARD OYLER

## OPINION PURSUANT TO Pa. R.A.P. 1925(a)

Appellant, Todd Richard Oyler, appeals from this Court's August 2, 2016 Order

denying Appellant's Motion to Continue Trial Generally. For the reasons set forth below,

it is respectfully requested that this Court's August 2, 2016 Order be affirmed.

Appellant is charged with two counts of Involuntary Deviate Sexual Intercourse

with a Child, a felony of the first degree[1]; two counts of Unlawful Contact with a Minor, a

felony of the first degree[2]; one count of Unlawful Contact with a Minor, a felony of the

third degree[3]; one count of Aggravated Indecent Assault of a Child, a felony of the first

degree[4]; one count of Indecent Assault of a Person Less than 13 Years of Age, a felony

of the third degree[5]; one count of Corruption of Minors, a felony of the third degree[6]; one

count of Corruption of Minors, a misdemeanor of the first degree[7]; one count of Indecent

Exposure, a misdemeanor of the first degree[8]; one count of Indecent Assault - statutory,

a misdemeanor of the second degree[9]; and one count of open lewdness, a

misdemeanor of the third degree[10].

---

[1] 18 Pa. C.S. § 3123 (B)
[2] 18 Pa. C. S. § 6318(a)(1)
[3] 18 Pa. C.S. § 6318(a)(1)
[4] 18 Pa. C.S. § 3125(b)
[5] 18 Pa. C.S. § 3126(a)(7)
[6] 18 Pa. C.S. § 6301(a)(1)(ii)
[7] 18 Pa. C.S. § 6301(a)(1)(i)
[8] 18 Pa. C.S. § 3127(a)
[9] 18 Pa. C.S. § 3126(a)(7)
[10] 18 Pa. C.S. § 5901

1

On November 24, 2015, a preliminary hearing was held in this matter before Magisterial District Judge Tony Little. At Appellant's preliminary hearing, the Commonwealth only presented hearsay testimony of statements made by M.L, the juvenile victim in this case. All charges were held for court. Appellant filed an Omnibus Pre-Trial Motion on March 9, 2016 which included a Habeas Corpus Motion, a Motion to Quash or Dismiss the Criminal Information, and a Motion for Remand for Preliminary Hearing. This Court denied Appellant's Omnibus Pre-trial Motion in its entirety on April 29, 2016. Appellant filed a second Omnibus Pre-Trial Motion on May 10, 2016 seeking this Court to preclude the Commonwealth from prosecuting Appellant for Unlawful Contact With a Minor.[11] This Court denied Appellant's Omnibus Pretrial Motion in its entirety on May 19, 2016. On June 23, 2016, the Commonwealth moved to admit out of court statements under the Tender Years Hearsay Exception.[12] This Court granted that motion on July 15, 2016. The Appellant then moved to continue trial generally. On August 2, 2016, this Court denied Appellant's Motion to Continue Trial Generally. Appellant then filed his Notice of Appeal and Concise Statement on September 1, 2016 and September 22, 2016 respectively[13].

In his Concise Statement, Appellant alleges that this Court erred by denying his Motion to Continue Trial Generally pending the Supreme Court of Pennsylvania's decision in **Commonwealth v. Ricker**, 120 A.3d 349 (Pa. Super. 2015). Appellant also

---

[11] 18 Pa. C.S. § 6318(c)

[12] 42 Pa. C.S. § 5985.1

[13] It is noted that Appellant has failed to appeal this Court's April 29, 2016 Order or its July 15, 2016 Order, denying Appellant's Omnibus Pre-trial Motions in which Appellant sought remand for a preliminary hearing and attempted to prevent the Commonwealth from admitting M.L's hearsay statements under the Tender Years Hearsay Exception. This Court further notes that as its July 15, 2016 Order states, M.L. was under the age of twelve, made statements describing an offense enumerated in 18 Pa. C.S. Chapter 31, and her statements provided sufficient indicia of reliability. Under the Tender Years Hearsay Exception, M.L.'s statements will be admissible at trial.

2

argues that his constitutional right to confront and cross-examine his accuser at his preliminary hearing was violated.

Appellant first alleges that this Court erred by denying his Motion to Continue Trial Generally until the Supreme Court of Pennsylvania renders an opinion in **Commonwealth v. Ricker**. "The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas." **42 Pa. C.S.A. § 742.** A final order is an order which "disposes of all claims and of all parties; ... or is entered as a final order pursuant to paragraph (c) of this rule."[14] A final order puts "litigants out of court by either ending the litigation or entirely disposing of the case." **Commonwealth v. Jackson**, 849 A.2d 1254, 1256 (Pa. Super. 2004) (quoting **Commonwealth v. Rosario**, 615 A.2d 740, 743 (Pa. Super. 1992)). An order that does not end the litigation or dispose of a case is an interlocutory order. **Rosario**, 615 A.2d at 743 (quashing an appeal of an order that was not final and therefore an interlocutory order). "Ordinarily all pre-trial orders are considered interlocutory and not appealable." **Commonwealth v. Bennett**, 345 A.2d 754, 755 (Pa. Super. 1975) (citing **Commonwealth v. Rucco**, 324 A.2d 388, 389 (Pa. Super. 1974)). Interlocutory orders may be appealed[15] as of right[16] or by permission[17]. An appellant may appeal an interlocutory order by permission by seeking certification from the lower court within thirty days of the lower court's issuance of the order in question.[18] An appellant may

---

[14] See PA. R. A. P. 341
[15] 42 Pa. C.S.A. § 5105(c)
[16] PA. R. A. P. 311
[17] PA. R. A. P. 1311 and PA. R. A. P. 312
[18] Pa. R. A. P. 1311

3

request that the lower court add the language pursuant to 42 Pa. C.S.A. § 702 (b)[19] to the order being challenged.[20]

> [The Pennsylvania Superior Court's] appellate jurisdiction extends to Non-final orders only where: (a) an appeal from an interlocutory order is authorized by law; (b) a lower court has certified the issue involved in the interlocutory order as 'a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter; or (c) the appellee has waived an objection to the jurisdiction of the court.

*Rucco*, 324 A.2d at 389 (internal quotation marks and citations omitted).

Generally in criminal cases, "a defendant can appeal only from a final judgment of sentence, and an appeal from any prior Order or judgment will be quashed."

*Commonwealth v. Swanson*, 225 A.2d 231, 232 (Pa. 1967).

> Unless 'exceptional circumstances' are involved, defendants are prohibited from appealing interlocutory orders in criminal cases. Such exceptional circumstances arise (1) where an appeal is necessary to prevent a great injustice to the defendant, or (2) where an issue of basic human rights is involved, or (3) where an issue of great public importance is involved.

*Id.* at 232. See also *Ricker*, 120 A.3d at 353.

This Court's Order denying Appellant's Motion to Continue Trial Generally is not a final order. The Order did not end the litigation or dispose of the case. Therefore, Appellant has filed an appeal from an interlocutory order. Because a Motion to Continue Trial Generally is not enumerated as an interlocutory order that is appealable as of

---

[19] "When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order." 42 Pa. C.S.A. § 702 (b).

[20] Pa. R. A. P. 1311

4

right[21], Appellant is required to file a petition for permission to appeal to the Pennsylvania Superior Court.[22] To date, Appellant has failed to seek certification and have this Court's Order amended to include the language specified in 42 Pa. C.S.A. § 702. Appellant failed to follow appellate procedure under Pa. R. A. P. 1311 and 42 Pa. C.S.A. § 702, and the thirty day window to do so has expired.[23]

The Pennsylvania Superior Court has quashed such appeals in the past. See *Commonwealth v. Fleming*, 794 A.2d 385, (Pa. Super. 2002) (quashing an appeal in which appellant failed to file a petition for permission to file an interlocutory appeal)); *Commonwealth v. Wills*, 476 A.2d 1362 (Pa. Super. 1984) (quashing an appeal because appellants failed to petition for permission to appeal, as required by Pa. R. A. P. 1311)); *Rucco*, 324 A.2d at 390 (quashing an appeal of an interlocutory order denying relief of an alleged violation of the '180 day rule').

Appellant's appeal cannot be legitimized by exceptional circumstances either. A motion to continue trial generally does not fit into any of the categories that would warrant invoking the exceptional circumstances doctrine. Appellant has not raised an issue in his appeal claiming that he has suffered a great injustice, a basic human right is involved, or an issue of great public importance is involved. Therefore, the exceptional circumstances doctrine does not apply to Appellant's appeal.

Appellant's appeal of the interlocutory order is not as of right, he has failed to comply with Pa. R. A. P. 1311 and 42 Pa. C.S.A. § 702, and a motion to continue trial generally does not warrant the application of the exceptional circumstances doctrine.

---

[21] See PA. R. A. P. 311

[22] See PA. R. A. P. 1311 and PA. R. A. P. 312

[23] This Court filed the Order in question on August 2, 2016. Appellant would have had to file for certification on or before September 1, 2016.

5

Therefore, Appellant's appeal should be quashed. Even if Appellant properly perfected his appeal, his claims are meritless.

Appellant next alleges that his constitutional right to confront his accuser at his preliminary hearing was violated. Both the United States Constitution and the Pennsylvania Constitution provide that a defendant has the right to confront the witnesses against him in criminal prosecutions.[24] U.S. CONST. amend. VI; PA. CONST. art. 1, § 9. The right of confrontation triggers when the prosecution seeks to admit testimonial evidence against the accused, and the right operates to bar admission of the testimonial statements of witnesses who were not called at trial unless the witness was unavailable at trial and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 54 (2004). The United States Supreme Court has held that "the right of confrontation is a *trial right*." *Pennsylvania v. Ritchie*, 480 U.S. 39, 53 (1987). **See also** *Commonwealth v. Herrick*, 660 A.2d 51, 60 (Pa. Super. 1995).

Pennsylvania Rule of Criminal Procedure 542(E) promulgated by the Pennsylvania Supreme Court, provides that hearsay evidence alone is sufficient to establish a prima facie case at a preliminary hearing.[25] As the Rule is promulgated by the Supreme Court, it is deemed to be constitutional. Further, in *Commonwealth v. Ricker*, 120 A.3d 349, the Pennsylvania Superior Court has established appellate authority in this regard.

---

[24] The Sixth Amendment applies to the States via the Fourteenth Amendment. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009) (citing *Pointer v. Texas*, 380 U.S. 400, 403 (1965)). A criminal defendant's rights under the Confrontation Clause of the Pennsylvania Constitution are coextensive with those guaranteed by the Sixth Amendment of the United States Constitution. *Commonwealth v. Geiger*, 944 A.2d 85, 97 n.6 (Pa. Super. 2008).
[25] PA. R. CRIM. P. 542(E)

Here, Appellant argues that his constitutional right to confront his accuser was violated and that right will be lost forever if he is forced to go to trial before the Pennsylvania Supreme Court makes its decision in *Ricker*. Although the Supreme Court has granted allocator in that case, at the time of the preliminary hearing, at the time of the omnibus pretrial hearing, and currently, the Superior Court's published Opinion in *Ricker* was good and binding law. This Court did not err in relying on *Ricker* and its precedents. Currently, the right to confront witnesses is a *trial* right; the Pennsylvania Supreme Court has not extended that right.

Accordingly, the hearsay evidence presented at the original preliminary hearing did not violate Appellant's right to confront the witnesses against him as the law stood at that point in time and as it stands now. Defendant is not entitled to an additional preliminary hearing as this Court will not allow for fishing expeditions in our Magisterial District courts.

Therefore, for all the reasons stated herein, it is respectfully requested that this Court's August 2, 2016 Order denying Appellant's Motion to Continue Trial Generally be affirmed.

BY THE COURT:

THOMAS R. CAMPBELL
Judge

DATE: October 6, 2016

**COPIES**

1-Original
1-Court Administrator
1-Megan C. Zei, Esquire
1-Gerald A. Lord, Esquire
1-Samuel A. Gates, Esquire
1-Adams County Legal Journal
1-District & County Reports
1-media copy

Circulated 10/22/2018 11:32 AM

ORIGINAL

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA

CRIMINAL

**COMMONWEALTH OF PENNSYLVANIA**

**VS.**

**TODD RICHARD OYLER**

CP-01-CR-1246-2015

2018 MAY -2 PH 1:37
CLERK OF COURT
FILED

### <u>OPINION PURSUANT TO Pa. R.A.P. 1925(a)</u>

Appellant, Todd Richard Oyler (hereinafter referred to as "Appellant"), appeals the trial verdict of August 2, 2017, this Court's judgment of sentence of October 17, 2017 and this Court's Order of Court dated February 5, 2018 denying Appellant's Post-Sentence Motion for Reconsideration. For the reasons set forth herein, it is respectfully requested this Court's judgment of sentence and Order denying Appellant's post-sentence motion be affirmed.

Testimony developed at the two-day jury trial held August 1, 2017 and August 2, 2017 revealed that the following relevant events occurred. M.L. (hereinafter "Victim") was born November     2003 and was   13   years old on the dates of trial. The Victim testified that her Dad had majority custody and she would go to her Mom and Appellant's house every weekend. The Victim testified that her Mom and Appellant initially lived in an apartment in Hanover (York County) and then moved to a house in New Oxford (Adams County). The Victim identified the Appellant at trial as Todd Oyler, her stepfather.

The Victim testified that Appellant sexually abused her over a number of years. The Victim testified that the abuse started when she was four years old and continued until she was six or seven. The Victim testified that the sexual abuse

1

Distribution on last page



SCANNED

1220

started at her Mom and Appellant's apartment in Hanover and continued when her Mom and Appellant moved to the house in New Oxford. The Victim testified that the sexual abuse happened every weekend when she visited her Mom and Appellant and would occur in her bedroom at night while everyone was asleep.

The Victim testified that Appellant called his penis "dragon". The Victim testified Appellant made the Victim lick his "dragon", Appellant would lick the Victim's vaginal area and Appellant would make the Victim sit on top of him while he was laying down and make the Victim rub her vaginal area across Appellant's "dragon". The Victim testified the Appellant would put his "dragon" inside of her mouth and Appellant's tongue would lick the crack of the Victim's vaginal area. Appellant also touched the breasts and vaginal area of the Victim with his hands. The Victim testified Appellant put his fingers in the hole of the Victim's vaginal area and told the Victim "it had to stretch", referring to the Victim's vagina.

The Victim testified she did not remember the sexual acts occurring when she was eight or nine. The Victim also testified these sexual acts stopped after Appellant was diagnosed with cancer, which occurred when the Victim was in fourth grade. The Victim testified that the touching resumed when the Victim was in fifth grade, which coincided with Appellant recovering from cancer. The Victim testified the last abuse happened in October of fifth grade and April of fifth grade and Appellant touched her breasts, butt and legs.

The Victim testified that her friend L.D. was the first person the Victim told concerning the Appellant sexually abusing her. This occurred while the Victim and L.D. were in fifth grade. L.D. testified that the Victim told her in April of fifth grade that

2

her stepfather had sex with her and touched her private areas. L.D. told her parents about the abuse that night. Erin Driesbach testified that in April 2015 she worked for Adams County Children and Youth Services. Ms. Driesbach had received a referral concerning sexual abuse of the Victim and interviewed the Victim at her school in New Oxford on April 10, 2015.

Other trial testimony revealed that Appellant was forty-nine years old on August 1, 2017. Appellant started dating Christy Oyler, the mother of the Victim, in 2005 and moved in with the Victim's mother in ___, Hanover, York County, Pennsylvania in October 2005. Appellant married the Victim's mother in February 2007. Appellant and Christy Oyler moved to ___, New Oxford, Adams County, Pennsylvania on November 1, 2010. The Victim turned seven in November 2010. Appellant was diagnosed with cancer June 2013.

The jury convicted Appellant of two counts of involuntary deviate sexual intercourse, unlawful contact with a minor, aggravated indecent assault, indecent assault of a child under the age of thirteen and corruption of minors. This Court ordered a pre-sentence investigation and, based on the charges, an assessment by the Sexual Offenders Assessment Board. On October 17, 2017 this Court sentenced Appellant to an aggregate sentence of sixteen years to forty years in a state correctional institution. Appellant's appellate counsel (Assistant Public Defender Sean A. Mott) filed a Post-Sentence Motion for Reconsideration on November 27, 2017.

On February 5, 2018 this Court denied Appellant's Post-Sentence Motion for Reconsideration. Appellant filed his Notice of Appeal with the Superior Court on March 5, 2018. On March 5, 2018 Appellant was ordered to file a Concise Statement

3

of Matters Complained of on Appeal. Appellant filed Concise Statement of Matters Complained of on Appeal on March 26, 2018.

Appellants Concise Statement of Matters Complained of on Appeal consisted of the following issues:

1. The Defendant was deprived of his right to confrontation under the state and federal Constitutions at his preliminary hearing when the Commonwealth only presented testimonial hearsay evidence at the preliminary through a police officer who was not a witness to the alleged events.

2. The Defendant was denied his due process guarantees when he requested a bill of particulars pursuant to Pa.R.Crim.P. 572 from the Commonwealth and subsequent motion to the Court, but never received it, and acts in York County were alleged for the first time at trial, for which Defendant was unprepared and which likely affected the jury's verdict.

3. The Court abused its discretion when it removed a juror, Susan Lang, on the second day of trial without examining the juror's ability to be fair and impartial.

4. The evidence presented at trial was insufficient as a matter of law to convict Defendant at trial.

5. The verdict rendered at trial is contrary to the weight of the evidence.

4

## LEGAL STANDARD

The standard of review on a sufficiency of the evidence claim is "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict [-] winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." **Commonwealth v. Jones**, 904 A.2d 24, 26 (Pa. Super. 2006) (citation omitted) (internal quotations omitted). "'[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.'" **Commonwealth v. Hartzell**, 988 A.2d 141, 143 (Pa. Super. 2009) (quoting **Commonwealth v. McClendon**, 874 A.2d 1223, 1228-1229 (Pa. Super. 2005)). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances . . . ." **Id.**

"'The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.'" **Commonwealth v. Bowen**, 55 A.3d 1254, 1260 (Pa. Super. 2012) (quoting **Commonwealth v. Muniz**, 5 A.3d 345, 348 (Pa. Super. 2010)). "'Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.'" **Id.** "In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." **Hartzell**, 988 A.2d at 143 (internal quotations omitted).

"'A verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice.'" **Commonwealth v.**

5

**Rivera**, 983 A.2d 1211, 1225 (Pa. 2009) (quoting **Commonwealth v. VanDivner**, 962 A.2d 1170, 1177 (Pa. 2009)). "[A] determination [of whether a jury's verdict is against the weight of the evidence] is generally committed to the discretion of the trial court." **Commonwealth v. Bellini**, 482 A.2d 997, 999 (Pa. Super. 1984). "A new trial should not be granted because of a mere conflict in testimony or because a judge on the same facts would have arrived at a different conclusion." **Rivera**, 983 A.2d at 1225 (internal quotations omitted). The critical question is whether or not "certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice." **Id.**

## DISCUSSION

### I. Sufficiency of the Evidence and Weight of the Evidence

#### a. Involuntary Deviate Sexual Intercourse with a Child

"A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than thirteen years of age." **18 Pa. C.S. § 3123(b)**. Deviate sexual intercourse is defined as "[s]exual intercourse per os or per anus between human beings . . . . The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygenic or law enforcement procedures." **18 Pa. C.S. § 3101**.

The criminal information alleges that the incidents at issue occurred between November 1, 2007 and April 8, 2015. The Victim testified her birthday is November 2003. The Victim testified that the conduct establishing the crime of involuntary deviate sexual intercourse occurred when she was between the ages of four and

6

seven. The Victim testified this conduct started when she was four at her Mother and Appellant's apartment in Hanover. The Victim testified that this conduct continued until she was six or seven. The Victim also testified that this conduct continued after the Victim's Mother and Appellant moved to the house in New Oxford, located within Adams County.

The Commonwealth also set forth evidence from which the jury could determine deviate sexual intercourse between the Victim and Appellant occurred. For example, the Victim testified that Appellant would have the Victim lick his "dragon" and would put his penis in the Victim's mouth and Appellant would lick Victim's vaginal area. She also testified there was penetration as Appellant's penis was inside her mouth and Appellant's tongue was inside her vagina.

Importantly, "'the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses.'" **Commonwealth v. Lyons**, 833 A.2d 245, 258 (Pa. Super. 2003) (quoting **Commonwealth v. Bishop**, 742 A.2d 178, 186 (Pa. Super. 1999)).

A review of the evidence, in the light most favorable to the Commonwealth as the verdict winner, shows Appellant's sufficiency of the evidence claim for the involuntary deviate sexual intercourse charge is meritless.

Furthermore, Appellant's claim that the trial verdict is contrary to the weight of the evidence has no merit. Based on all the evidence presented, the verdict does not shock one's sense of justice.

b.    Unlawful Contact with a Minor

A person commits unlawful contact with a minor "if he is intentionally in contact with a minor . . . for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth: (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses)." **18 Pa. C.S. § 6318(a) (1)**. In regards to the grading of the crime, the statute states "[a] violation of subsection (a) is: (1) an offense of the same grade and degree as the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or (2) a felony of the third degree; whichever is greater." **18 Pa. C.S. § 6318(b) (1)-(2)**.

The Commonwealth presented testimony which established Appellant continuously entered the Victim's bedroom at night while the Victim was sleeping and intentionally contacted the Victim so he could engage in sexual acts with her. The Commonwealth established that between November 2007 and April 2015, Appellant had direct contact with the Victim for the sole purpose of engaging in sexual acts with her. The Victim testified that almost every weekend Appellant would come to her bedroom, come in, wake her up, and put his "dragon" (penis) in her mouth and lick and penetrate her vagina with his tongue, while Victim was lying down. The Victim also testified that Appellant would make the Victim sit on top of him while he was lying down and make the Victim rub her vaginal area across Appellant's "dragon". Appellant also touched the breasts and vaginal area of the Victim with his hands. The Victim testified Appellant put his fingers in the hole of the Victim's vaginal area and told the Victim "it had to stretch", referring to the Victim's vagina.

8

The Commonwealth also presented the Victim's testimony that these sexual incidents occurred ... in New Oxford, Adams County, Pennsylvania. Appellant and the Victim's Mother started living there on November 1, 2010 while the Victim was six. The Victim visited the house in New Oxford every weekend, starting when the Victim was six. Thus, both the person "initiating the contact [and] the person being contacted" were located within the state of Pennsylvania, and within Adams County.

A review of the evidence, in the light most favorable to the Commonwealth as verdict winner, establishes Appellant's claim is meritless. The Commonwealth presented sufficient evidence from which the jury could infer Appellant intentionally contacted the Victim, a minor, for the purpose of engaging in sexual activities in violation of **18 Pa. C.S. § 3123(b), 18 Pa. C.S. § 3125(a)(7), and 18 Pa. C.S. § 3126(a)(3).**

Furthermore, Appellant's claim that the verdict rendered at trial is contrary to the weight of the evidence has no merit. Based on all the evidence presented, the verdict does not shock one's sense of justice.

c.     <u>Aggravated Indecent Assault</u>

A person commits aggravated indecent assault, a felony of the second degree, when "a person who engages in penetration however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if the complainant is less than thirteen years of age." **18 Pa. C.S. § 3125(a)(7).**

The criminal information alleges that the incidents at issue occurred between November 1, 2007 and April 8, 2015. The Victim testified her birthday is November , 2003. The Victim testified that the conduct establishing the crime of aggravated indecent assault occurred when she was between the ages of four and seven. The Victim testified this conduct started when she was four at her Mother and Appellant's apartment in Hanover. The Victim testified that this conduct continued until she was six or seven. The Victim also testified that this conduct continued after the Victim's Mother and Appellant moved to the house in New Oxford, located within Adams County.

The Commonwealth also set forth evidence from which the jury could determine Appellant engaged in penetration of the vagina of the Victim for any purpose other than good faith medical, hygienic or law enforcement procedures. For example, the Victim testified that Appellant touched her vaginal area with his hands, put his fingers in the hole of the Victim's vagina and told the Victim "it had to stretch", referring to the Victim's vagina.

A review of the evidence, in the light most favorable to the Commonwealth as the verdict winner, shows Appellant's sufficiency of the evidence claim for the aggravated indecent assault charge is meritless.

Furthermore, Appellant's claim that the verdict rendered at trial is contrary to the weight of the evidence has no merit. Based on all the evidence presented, the verdict does not shock one's sense of justice.

d.    Indecent Assault

"A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person...for the purpose of arousing sexual desire in the person or the complainant and the complainant is less than thirteen years of age." **18 Pa. C.S. § 3126(a)(7)**. In regards to the grading of the crime, the statute states if any of the following apply, it is a felony of the third degree:  "(ii) there has been a course of conduct of indecent assault by the person; or (iii) the indecent assault was committed by touching the complainant's sexual or intimate parts with sexual or intimate parts of the person; or (iv) the indecent assault is committed by touching the person's sexual or intimate parts with the complainant's sexual or intimate parts." **18 Pa. C.S. § 3126(b)(3)(ii), (iii), (iv).**

The criminal information alleges that the incidents at issue occurred between November 1, 2007 and April 8, 2015. The Victim testified her birthday is November 2003. The Victim testified that the conduct establishing the crime of indecent assault started when the Victim was four and continued until Appellant was diagnosed with cancer. The Victim testified that this conduct continued after the Victim's Mother and Appellant moved to the house in New Oxford, located within Adams County. Appellant's cancer diagnosis occurred when the Victim was going into fourth grade. The Victim testified the indecent assault started again when the Victim was in fifth grade. The Victim testified the last incidents of indecent assault occurred in October and April of fifth grade and Appellant touched her breasts, butt and legs.

11

A review of the evidence, in the light most favorable to the Commonwealth as the verdict winner, shows Appellant's sufficiency of the evidence claim for the indecent assault charge is meritless.

Furthermore, Appellant's claim that the trial verdict is contrary to the weight of the evidence has no merit. Based on all the evidence presented, the verdict does not shock one's sense of justice.

## II.    Preliminary Hearing, Defendant's Right to Confrontation

Appellant alleges that he was deprived of his right to confrontation under the State and Federal Constitutions at his preliminary hearing when the Commonwealth only presented testimonial hearsay evidence through a police officer who was not a witness to the alleged events.

Adams County Court of Common Pleas Judge Thomas R. Campbell previously dealt with this issue in an Order of Court dated April 29, 2016 and in Judge Campbell's Opinion Pursuant to Pa. R.P.A. 1925(a), entered October 6, 2016. Judge Campbell's Order of Court dated April 29, 2016 is attached as Exhibit A to this Opinion and Judge Campbell's Opinion Pursuant to Pa. R.P.A. 1925(a), filed October 6, 2016, is attached to the Opinion as Exhibit B.

Furthermore, since Judge Campbell's Order of Court and 1925(a) Opinion, the Pennsylvania Supreme Court in **Commonwealth v. Ricker**, 170 A.3d 494 (Pa. 2017) dismissed the appeal as having been improvidently granted.

Furthermore, once a Defendant has gone to trial and been found guilty of a crime, any defect in the preliminary hearing is rendered immaterial. **Commonwealth**

12

**v. Tyler**, 587 A.2d 326 (Pa. Super. 1991); **Commonwealth v. Worrall**, 609 A.2d 851 (Pa. Super. 1992).

Appellant's argument that he was deprived of his right to confrontation at the preliminary hearing is meritless.

### III.  Bill of Particulars Argument

Appellant contends he was denied due process guarantees when he requested a bill of particulars from the Commonwealth pursuant to Pa. R.Crim.P. 572 and subsequent motion to the Court, but never received an answer to his request for bill of particulars.

A review of the docket in the above-captioned matter reveals that Appellant filed a Request for Bill of Particulars on March 9, 2016. The Commonwealth filed an Answer to Defendant's Request for Bill of Particulars on March 15, 2016. Appellant filed no additional request for bill of particulars, nor a motion with the Court for relief concerning Defendant's Request for Bill of Particulars.

Appellant's argument concerning a requested bill of particulars in violation of Pa. R. Crim. P. 572 is meritless.

### IV.  Removal of Juror

Appellant contends this Court abused its discretion when it removed a juror, Juror #62, on the second day of trial without examining the juror's ability to be fair and impartial.

Jury selection in the above-captioned case occurred on July 30, 20 17 before this Court. During jury selection this Court was provided with a list of witnesses or potential witnesses who may testify at trial by both the Commonwealth and Appellant.

13

Included was the name Susan Lang, the stepmother of the Victim, who is married to the Victim's father. During the voir dire process none of the proposed jurors advised that they knew Susan Lang, including Juror #62.

Juror #62 was selected as a juror in this case. At the close of court on August 1, 2017, the Commonwealth advised the Court and defense counsel that Susan Lang recognized Juror #62, that they previously worked together at Adams County National Bank, that Susan Lang was in a supervisory role to Juror #62 and on at least one occasion reprimanded Juror #62 for a violation of employment procedure.

The following colloquy occurred on the morning of August 2, 2017 before trial started:

> THE COURT: Good morning, Miss Carey.
>
> JUROR: Good morning.
>
> THE COURT: You're not in trouble so don't worry.
>
> JUROR: Okay.
>
> THE COURT: An issue was raised. It's my understanding in reviewing your questionnaire that you worked at Adams County National Bank for a long time.
>
> JUROR: Yes, I did.
>
> THE COURT: You worked as a teller in the Cashtown branch?
>
> JUROR: Um-hum.
>
> THE COURT: Are you familiar with a Susan Lang?
>
> JUROR: Yes I am and when you read that name the other day it went right over my head. I haven't had any contact with her for about seven years. I've been retired for five and she changed her position two years before that.

14

THE COURT: When you were a teller at Adams County National Bank was she basically the branch manager there?

JUROR: Yes, she was.

THE COURT: So she would have been your –

JUROR: She was my bosses boss.

THE COURT: I don't want to ask any questions about how you did your job but in the course of her employment as the branch manager at any time did she provide or write you up for anything that you would have done incorrectly in your job?

JUROR: Yes, one time.

THE COURT: Okay, thank you. Based on that in an abundance of caution, I'm sure you could be a fair and impartial juror and I'm sure you would not let that impact you, but in an abundance of caution I am going to dismiss you right now.

JUROR: That's fine because I thought about this yesterday and I wasn't sure who to even tell because I saw her in here yesterday and that's when it just clicked. I know her.

THE COURT: Okay.

JUROR: That's not a problem.

THE COURT: Given the relationship you understand.

JUROR: Yes. That's fine. Not a problem at all.

"The discharge of a juror is within the sound discretion of the court and that determination will not be reversed absent a palpable abuse of that discretion. We have recognized that this discretion exists even after the jury has been impaneled and the jurors sworn." **Commonwealth v. Black**, 376 A.2d 627, 632 (Pa. 1977). (citations omitted) (internal citations omitted). The court in **Black** also stated:

> In the instant case, the trial judge dismissed the juror as a precautionary measure to insure an impartial trial, free of outside influences, and to avoid the appearance of impropriety. While we recognize the

15

relationship of the juror to the witness does not, as a matter of law disqualify that juror, see e. g., **Commonwealth ex rel. Fletcher v. Cavell**, 395 Pa. 134, 149 A.2d 434 (1959), we do not believe that a judge who, out of an abundance of caution excludes such a juror, abuses his discretion by doing so. "A fair trial in a fair tribunal is a basic requirement of due process." In re **Murchison**, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). See also, **Withrow v. Larkin**, 421 U.S. 35, 95 S.Ct. 1456, 45 L.Ed.2d 712 (1975); **Irvin v. Dowd**, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). This obligation is applicable whether we are considering the rights of the defendant or the interest of the state. While we recognize that these considerations are to some degree dependent upon speculation, the recognition of the possibility of prejudice or bias resulting from such a close relationship is certainly justified and the action of the court in removing this juror to assure fairness is obviously reasonable. Cf. **Turner v. Louisiana**, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965); **Commonwealth v. Stewart**, 449 Pa. 50, 295 A.2d 303 (1972).

**Id** at 632.

It is noted that Juror #62 did not disclose her knowledge of a potential Commonwealth witness, the stepmother of the Victim in this case, during voir dire. Furthermore, following questioning by the Court, Juror #62 disclosed that she saw Susan Lang in the courtroom, acknowledged to the Court she knew her, but did not advise the Court or court personnel of their prior relationship until questioned by the Court. The juror did acknowledge that Susan Lang, the stepmother of the Victim, had previously reprimanded her for an employment issue.

Just as in **Black**, this Court "dismissed the juror as a precautionary measure to ensure an impartial trial, free of outside influences, and to avoid the appearance of impropriety." **Id** at 632. Furthermore, the standard concerning whether a juror should be removed, even after the jury has been impaneled and the jurors sworn, is not whether the juror could be fair and impartial. See **Commonwealth v. Hetzel**, 822

16

A.2d 747, 755 (Pa. Super. 2003). The Court's decision to remove Juror #62 was based upon a sufficient record of competent evidence to sustain removal.

Therefore, since Appellant has not shown that there was a palpable abuse of the Court's discretion in removal of Juror #62 and based on this Court's reasoning on Appellant's other issues, it is respectfully requested that this Court's Judgment of Sentence and Order denying Appellant's Post-Sentence Motion be affirmed.

BY THE COURT:

*[signature]*

Date: May 2, 2018

**SHAWN C. WAGNER**
**Judge**

nll

Kelley L. Margetas, Esquire
Sean A. Mott, Esquire

Distribution

Original
Kelley L. Margetas, Esquire - electronic
Sean A. Mott, Esquire - electronic
Court Administrator - electronic
Adams County Legal Journal - electronic
District & County Reports - email
Media Copy - cofc

17